

FILED

SEP 2 9 2014

DAVID CREWS, CLERK
BY _____
              Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

X

**ROBERT K. HILL; DONALD BYTHER;**)
**SANDY BYTHER; KEITH CLARK;** )
**SAMUEL COPELAND; B.T. ERVE;** )
**PERCY EVANS; GEORGE FLAKES;** )
**SCOTT GOOLSBY; SHEILA KELLY;** )
**PAUL LEONARD; FRED SMITH;** )
**DEWAYNE TOLLIVER; ULYSSES** )
**WILEY; and WARFLOYD WINTERS** )
Individually and on Behalf of Themselves, )
and on behalf of a a Class of Persons )
Similarly Situated, )
                                          )
                          Plaintiffs, )
          v.                              )        Case No. 3:14CV213-MPM-JMV
                                          )
**HILL BROTHERS CONSTRUCTION** )           Honorable Judge
**COMPANY, INC., ; HBC BOARD OF** )
**DIRECTORS, KENNETH W. HILL,** )
**GERALD C. HILL, JIMMY HILL,** )
**STERLING AKER ;** )
**CLYDE R. ROBERTSON;** )                  **JURY TRIAL DEMAND**
**THE HILL BROTHERS** )
**CONSTRUCTION COMPANY INC.** )
**EMPLOYEE STOCK OWNERSHIP** )
**AND 401(K) PLAN AND TRUST PLAN** )
**ADMINISTRATIVE COMMITTEE; and**)
**PEOPLE'S BANK** )
                                          )
                                          )
                          Defendants. )

## CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND VIOLATION OF ERISA DISCLOSURE REQUIREMENTS

Plaintiffs Robert K. Hill, Donald Byther, Sandy Byther, Keith Clark, Samuel Copeland, B.T.

Erve, Percy Evans, George Flakes, Scott Goolsby, Sheila Kelly, Paul Leonards, Fred Smith,

Dewayne Tolliver, Ulysses Wiley, and Warfloyd Winters (hereinafter collectively "Plaintiffs"), on behalf of themselves, and on behalf of a class consisting of similarly situated participants and beneficiaries (the "Participants") of the Hill Brothers Construction Company Inc., Employee Stock Ownership (ESOP) and 401(k) Plan and Trust (the "Plan")(and which is attached hereto as Exhibit A), by their attorneys, alleges the following for his Complaint (the "Complaint"). The allegations contained herein are based on the investigation of counsel, except for those allegations pertaining to Plaintiffs, which are based upon information and belief, and personal knowledge. Plaintiff may, after discovery and/or disclosure proceedings in this case, seek leave to amend this Complaint to add new parties or claims.

## I.   NATURE OF ACTION

1.     Plaintiffs, who were Participants in the Plan during time periods relevant to this Complaint, brings this civil enforcement action under Section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a), for plan-wide relief on behalf of a class consisting of all current and former Participants in the Plan for whose individual accounts  the Plan held shares of common stock of Hill Brothers Construction Company, Inc. ("HBC") or the"Company") at any time from January 1, 2010 to the date of the filing of the Articles of Dissolution of HBC, namely June 2, 2014 (the period from January 1, 2010 to the present being hereinafter referred to as the "Class Period"). Plaintiff brings this action on behalf of the Plan and the Class pursuant to § 502(a)(2) and (3) of ERISA, 29 U.S.C. § 1132(a)(2) and (3). As more fully set forth below, Defendants breached their fiduciary duties to the Participants, including those fiduciary duties set forth in ERISA Section 404, 29 U.S.C.§ 1104, and Department of Labor Regulations, including 29 C.F.R. § 2550.

2.    Specifically, Plaintiffs allege in Count I alleges that certain Defendants failed to avoid or ameliorate inherent conflicts of interests which crippled their ability to function as independent, "single-minded" fiduciaries with only the Plan's and their participants' best interests in mind.

3.    Plaintiff s' Count II alleges that certain Defendants, each having certain responsibilities regarding the management and investment of Plan assets, breached their fiduciary duties to them, the Plan and proposed Class by failing to prudently and loyally manage the Plan's investment in HBC's securities, and by failing to provide complete and accurate information to Plan participants regarding the Company' financial condition and the prudence of investing in Company Stock. These actions/inactions run directly counter (1) to the express purpose of ERISA pension plans, which are designed to help provide funds for participants' retirement (see ERISA § 2, 29 U.S.C. § 1001 ("CONGRESSIONAL FINDINGS AND DECLARATION OF POLICY")).

4.    Count III alleges that certain Defendants breached their fiduciary duties by failing to adequately monitor other persons to whom management/administration of Plan assets was delegated, despite the fact that such Defendants knew or should have known that such other fiduciaries were imprudently allowing the Plan to continue offering Company Stock as an investment option and investing Plan assets in Company Stock when it was no longer prudent to do so, and were dissolution of HBC was imminent.

5.    Plaintiffs allege that Defendants allowed the imprudent investment of the Plan's assets in Company equity throughout the Class Period despite the fact that they clearly knew or should have known that such investment was imprudent because Company was not a profitable business and its credit costs and loan losses continually increased during the Class Period.  Nevertheless, Plan fiduciaries continued to allow the Plan and the Plan's participants to hold and purchase Company

stock in their individual accounts – and it in fact appears that the Plan's fiduciaries did little, if anything, to protect their wards—as HBC's problems snowballed and as HBC's board members secured lucrative positions with other companies controlled by, or affiliated with, HBC.

6.     This action is brought on behalf of the Plan and seeks losses to the Plan for which Defendants are severally and jointly liable pursuant to ERISA §§ 409 and 502, 29 U.S.C. §§ 1109 and 1132. Because Plaintiffs' claims apply to the Plan, inclusive of all participants with accounts invested in Company Stock during the Class Period, and because ERISA specifically authorizes participants such as Plaintiffs to sue for relief to the Plan from breaches of fiduciary duty such as those alleged herein, Plaintiffs bring this as a class action on behalf of the Plan and all participants and beneficiaries of the Plan during the proposed Class Period.

## II.   JURISDICTION AND VENUE

7.     Plaintiffs claims arise under and pursuant to ERISA Section 502, 29 U.S.C. §1132.

8.     This Court has original exclusive subject matter jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C.§1132(e)(1). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C.§ 1331.

9.     Venue is proper in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C.§1132(e)(2), because this is a District where the Plan was administered, where breaches of fiduciary duty took place and/or where one or more Defendants reside.

## III.   THE PARTIES

**Plaintiffs**

10.     Plaintiff **Robert K. Hill** ("Hill") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his

individual account in the Plan during the Class Period. At all relevant times, Plaintiff Hill was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

11.    Plaintiff **Donald Byther** ("Byther") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Byther was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

12.    Plaintiff **Sandy Byther** ("Sandy") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in her individual account in the Plan during the Class Period. At all relevant times, Plaintiff Sandy was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

13.     Plaintiff **Keith Clark** ("Clark") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Clark was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

14.     Plaintiff **Samuel Copeland** ("Copeland") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Copeland was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

15.     Plaintiff **B.T. Erve** ("Erve") is a resident of the State of Mississippi. Plaintiff was by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Erve was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf

of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

16.     Plaintiff **Percy Evans** ("Evans") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Evans was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

17.     Plaintiff **George Flakes** ("Flakes") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Flakes was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

18.     Plaintiff **Scott Goolsby** ("Goolsby") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Goolsby was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff,

as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

19.     Plaintiff **Sheila Kelly** ("Kelly") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in her individual account in the Plan during the Class Period. At all relevant times, Plaintiff Kelly was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

20.     Plaintiff **Paul Leonard** ("Leonard") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Leonard was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

21.     Plaintiff **Fred Smith** ("Smith") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his

individual account in the Plan during the Class Period. At all relevant times, Plaintiff Smith was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

22.     Plaintiff **DeWayne Tolliver** ("Tolliver") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Tolliver was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

23.     Plaintiff **Ulysses Wiley** ("Wiley") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Wiley was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

24.     Plaintiff **Warfloyd Winters** ("Winters") is a resident of the State of Mississippi. Plaintiff was employed by HBC for several years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Winters was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

**Defendants**

25.     Defendant **HBC** was a corporation organized and existing under the laws of the State of Mississippi, and maintained its formal principal place of business at 20831 Highway 15 North, Falkner, Mississippi, 38629. While in business, HBC engaged in the business of major construction projects, including federal and state highways throughout the Southeastern United States. Defendant HBC filed for their Articles of Dissolution with the Office of the Mississippi Secretary of State on June 2, 2014, and HBC is no longer in operation. Nonetheless, at all times relevant to this Complaint HBC exercised extensive control over the management and administration of the Plans and/or the Plans' assets. For example, HBC has the responsibility and authority, among other things, to appoint and remove the Plans' Trustees and monitor their performance. As such, HBC was a fiduciary of the Plan within the meaning of ERISA in that it exercised discretionary authority with respect to the management and administration of the Plan.

26.     Defendant **Plan Administrative Committee** is a named fiduciary and administrator of the Plan, comprised of members appointed by the Board of Directors to administer the Plan.

27.     At all times relevant to this Complaint, Defendant **Kenneth Hill** managed and the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant Kenneth Hill served as an officer or one of the Directors of HBC. Upon information and belief, Defendant Kenneth Hill is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

28.     At all times relevant to this Complaint, Defendant **Gerald C. Hill** managed and the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant Gerald C. Hill served as one of the Directors of HBC and as President of HBC. Pursuant to Section 5.1 of the governing plan, Defendant Gerald C. Hill, as President was a named fiduciary of the Plan.

29.     At all times relevant to this Complaint, Defendant **Clyde R. Robertson** ("Robertson") managed and the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant Robertson served as one of the Directors of HBC. Upon information and belief, Defendant Robertson is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

30.     At all times relevant to this Complaint, Defendant **Kenneth Hill, Jr.,** managed and the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant Kenneth Hill, Jr., served as one of the Directors of HBC.

Upon information and belief, Defendant Kenneth Hill, Jr., is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

31.     At all times relevant to this Complaint, Defendant **Jimmy Hill** managed and the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant Jimmy Hill served as an officer or one of the Directors of HBC. Upon information and belief, Defendant Jimmy Hill is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

32.     At all times relevant to this Complaint, Defendant **Sterling Aker**, managed and the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant Sterling Aker, served as one of the Directors of HBC. Upon information and belief, Defendant Sterling Aker, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

33.     At all times relevant to this Complaint, up to and including the present date, Defendant **People's Bank and Trust** ("People's Bank"), a bank chartered and existing under the laws of the State of Mississippi, held and/or holds Plan funds on deposit in their institution. No wrongdoing is alleged as against this Defendant. However, they are named as an indispensable party due to their

custodial status of Plan funds to which the Plaintiffs and putative class members are entitled.

## IV. DESCRIPTION OF THE PLAN

34.     At all times relevant to this Complaint, the Plan was an employee benefit plan within the meaning of ERISA Section§ 3(3) and 3(2)(A), 29 U.S.C. §§ 1002(3) and 1002(2)(A).

35.     At all times relevant to this Complaint, the Plan was a "defined contribution" or "individual account" plans within the meaning of ERISA Section 3(34), 29 U.S.C. § 1002(34), in that the Plan provided for individual accounts for each Participant and for benefits based solely upon the amount contributed to the Participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other Participants which could be allocated to such Participant's accounts.

36.     At all times relevant to this Complaint the Plan provided a number of different options for investment of the Plan's assets, including the Fund.

37.     At all times relevant to this Complaint, Participants were allowed to direct the Plan to purchase investments from among the investment options available under the Plan and allocate them to their individual accounts. The options were provided solely at the discretion of the Plan's fiduciaries. The Plan Document thus gives the Plan's fiduciaries unfettered discretion in deciding whether or not to allow Company stock to be among the Plan's investment funds.

38.     The Plan provides, among other things:

   a.     Description of Plan: The following description of the Company 401(k) Plan (the "Plan") provides only general information. Participants should refer to the Plan document for a more complete description of the Plan's provisions.

   b.     General: The Plan is a defined contribution plan covering all employees of the

Company who have met the eligibility service requirements. An employee is eligible to participate in the Plan after 1,000 or more hours of service within any plan year, and is age 21or older. The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.

c.    Contributions: Participants were allowed to contribute any percentage of compensation to the Plan, with the maximum dollar limit for salary deferrals limited to $16,500 in 2010.

d.    Vesting: Participants became one hundred percent (100%) vested in the Plan after five (5) years of consecutive service.

## V.   THE FACTS

39.   Plaintiff Hill is an eligible, vested participant in the Plan.

40.   Plaintiff Donald Byther is an eligible, vested participant in the Plan.

41.   Plaintiff Sandy Byther is an eligible, vested participant in the Plan.

42.   Plaintiff Clark is an eligible, vested participant in the Plan.

43.   Plaintiff Copeland is an eligible, vested participant in the Plan.

44.   Plaintiff Erve is an eligible, vested participant in the Plan.

45.   Plaintiff Evans is an eligible, vested participant in the Plan.

46.   Plaintiff Flakes is an eligible, vested participant in the Plan.

47.   Plaintiff Goolsby is an eligible, vested participant in the Plan.

48.   Plaintiff Kelly is an eligible, vested participant in the Plan.

49.   Plaintiff Leonard is an eligible, vested participant in the Plan.

50.   Plaintiff Smith is an eligible, vested participant in the Plan.

51.     Plaintiff Tolliver is an eligible, vested participant in the Plan.

52.     Plaintiff Wiley is an eligible, vested participant in the Plan.

53.     Plaintiff Winters is an eligible, vested participant in the Plan.

54.     During the class period putative class members became eligible participants in the Plan, entitled to all of the benefits appurtenant thereto.

55.     According to information and belief, the individual defendants personally benefitted from the leasing of equipment through other companies which were within their control.

56.     According to information and belief, the individual defendants secured positions themselves at companies controlled by HBC. According to information and belief, the individual defendants, named board members, stripped HBC of its assets, leaving HBC a shell of a company, and rendering HBC stock worthless.

57.     On or about June 1, 2013, HBC ceased operations, and Plaintiffs were informed of the same on or about June 18, 2013.

58.     Plaintiffs and putative class members were then informed that their entitlement to funds under the Plan would not be honored.

## VI.  CLASS ALLEGATIONS

59.     Plaintiff brings this action on her own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of all current and former Participants in the Plan for whose individual accounts the Plan held shares of Company common stock (including in the form of Company common stock or units of the Company Stock Fund (the "Fund")) at any time from December 31, 2006 to the present (the "Class").

60.     The members of the Class are so numerous that joinder of all members is impracticable.

While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are, at minimum, 400 members of the Class.

61.     Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

        a.      Whether Defendants were fiduciaries;

        b.      Whether Defendants breached their fiduciary duties;

        c.      Whether the Plan and the Participants were injured by such breaches; and

        d.      Whether the Class is entitled to damages and injunctive relief.

62.     Plaintiff's claims are typical of the claims of the other members of the Class, as the Plaintiff and all members of the Class sustained injury arising out of Defendants' wrongful conduct in breaching their fiduciary duties and violating ERISA as complained of herein.

63.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained able counsel with extensive experience in class action litigation. The interests of Plaintiffs are coincident with and not antagonistic to the interests of the other class members.

64.     Prosecution of separate actions by members of the class would create a risk of inconsistent adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants, or adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

65.     The claims herein are under ERISA and related principles of federal common law cannot be

asserted by the Plaintiff in derivative actions against the company or in class actions under securities law.

66.     Under and as required by ERISA, Defendants carry insurance for claims asserted herein that may not be available to the defendants in any other actions.

## VII.     CLAIMS FOR RELIEF

### BREACH OF FIDUCIARY DUTY
### COUNT I
### Breach of Duty to Avoid Conflicts of Interest
### (Breaches of Fiduciary Duties in Violation of ERISA §§ 404 and 405 by all Defendants)

67.     Plaintiffs incorporate the allegations contained in the previous paragraphs of Complaint as if fully set forth herein.

68.     At all relevant times, as alleged above, Defendants were fiduciaries within the Plan within meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Consequently, they were bound by the duties of loyalty, exclusive purpose and prudence.

69.     ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), imposes on Plan fiduciaries a duty of loyalty, that is, a duty to discharge his duties with respect to a Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries.

70.     Defendants breached their duty to avoid conflicts of interest and to promptly resolve them by placing their own and/or the Company's interests above the interests of the participants with respect to the Plan's investment in the Company's securities, and with regarding to informing Participants of the failing state of HBC. Specifically, Defendants used their position in HBC to assume financially lucrative positions in related companies to the express detriment of HBC.

Page -17-

71.     Specifically, according to information and belief, individual defendants leased equipment which were then utilized by companies external to HBC in which Defendants held an interest, and individual defendants utilized their position with HBC to serve on the boards of companies maintained and operated by Defendants and HBC.

72.     Therefore, as a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan, and indirectly Plaintiffs and the Plan's other participants and beneficiaries, lost all of the retirement benefits. Plaintiffs and putative class members are entitled to any funds currently being held by a third party entity with regard to funds maintained pursuant to the Plan.

**COUNT II**
**Failure to Prudently and Loyally Manage the Plan's Assets**
**(Breaches of Fiduciary Duties in Violation of ERISA § 404 and § 405 by All Defendants)**

73.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

74.     At all relevant times, as alleged above, all Defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) in that they exercised discretionary authority or control over the administration and/or management of the Plan or disposition of the Plan's assets.

75.     Under ERISA, fiduciaries who exercise discretionary authority or control over management of a Plan or disposition of a Plan's assets are responsible for ensuring that investment options made available to participants under a Plan are prudent. Furthermore, such fiduciaries are responsible for ensuring that assets within the Plan are prudently invested.

76.     Defendants were responsible for ensuring that all investments in the Company's stock in the Plan were prudent and that such investment was consistent with the purpose of the Plan. Defendants are liable for losses incurred as a result of such investments being imprudent. ERISA § 404(a)(1)(D),

Page -18-

29 U.S.C. § 1104(a)(1)(D).

77.     Defendants' duty of loyalty and prudence also obligates them to speak truthfully to participants, not to mislead them regarding the Plan or its assets, and to disclose information that participants need in order to exercise their rights and interests under the Plan. This duty to inform participants includes an obligation to provide participants and beneficiaries of the Plan  with complete and accurate information, and to refrain from providing inaccurate or misleading information, or concealing material information, regarding Plan investments/investment options such that participants can make informed decisions with regard to the prudence of investing in such options made available under the Plan.

78.     Defendants also breached their duties of loyalty and prudence by failing to provide complete and accurate information regarding the Company's true financial condition and the Company's concealment of the same and, generally, by conveying inaccurate information regarding the Company's future outlook. During the Class Period, upon information and belief, the Company fostered a positive attitude toward the Company's stock, and/or allowed participants in the Plan to follow their natural bias towards investment in the equities of their employer by not disclosing material information concerning board participation in diverting HBC funds and board participation in compromising the future of HBC.

79.     Specifically, according to information and belief, Defendants infused HBC financial statements with misstatements and misrepresentations regarding the financial health of HBC. In fact. Due to said misrepresentations, individual Defendants are currently defending a matter filed by Liberty Mutual Insurance Company in this honorable court, Civil Action No. 3:14CV061-SA-SAA.

80.     The Defendants also breached their co-fiduciary obligations by, among their other

failures: knowingly participating in, or knowingly undertaking to conceal, the other Defendants

failure to disclose crucial information regarding the Company's operations. Defendants had or should

have had knowledge of such breaches by other Plan fiduciaries, yet made no effort to remedy them.

81.     As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan,

and indirectly Plaintiffs  and the Plan's other participants and beneficiaries, lost their entire

retirement investment.

82.     Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a) and ERISA § 409, 29 U.S.C. § 1109(a),

Defendants in this Count are liable to restore the losses to the Plan caused by their breaches of

fiduciary duties alleged in this Count, and Plaintiffs and putative class members are entitled to any

funds currently being held by a third party entity with regard to funds maintained pursuant to the

Plan.

### COUNT III
### Failure to Adequately Monitor Other Fiduciaries and
### Provide Them with Accurate Information
### (Breaches of Fiduciary Duties in Violation of ERISA § 404)

83.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint

as if fully set forth herein.

84.     At all relevant times, as alleged above, Defendants were fiduciaries, within the meaning of

ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

85.     At all relevant times, as alleged above, the scope of the fiduciary responsibility of the

Defendants included the responsibility to appoint, evaluate, and monitor other fiduciaries, including,

without limitation, the appointed Plan Committee and all other Company officers, employees and

agents to whom fiduciary responsibilities were delegated.

86.     The duty to monitor entails both giving information to and reviewing the actions of the monitored fiduciaries. In this case, that means that the monitoring fiduciaries, the Defendants, had the duty to and failed to (1) prevent the Plan from continuing to offer Company Stock as an investment option; and (2) failed to disclose to the monitored fiduciaries accurate information about the financial condition of Hill that they knew or should have known that these Defendants needed to make sufficiently informed decisions. By remaining silent and continuing to conceal such information from the other fiduciaries, these Defendants breached their monitoring duties under the Plan and ERISA.

87.     Defendants are liable as co-fiduciaries because they knowingly participated in the each other's fiduciary breaches, thus enabling the breaches by these Defendants, and they failed to make any effort to remedy these breaches, despite having knowledge of them.

88.     As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan, and indirectly the Plaintiff and the Plan's other participants and beneficiaries, lost their entire retirement investments. Plaintiffs and putative class members are entitled to any funds currently being held by a third party entity with regard to funds maintained pursuant to the Plan.

### VIII.    REMEDY FOR BREACHES OF FIDUCIARY DUTY

89.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

90.     As noted above, as a consequence of the Defendants' breaches, the Plaintiffs suffered significant losses.

91.     ERISA § 502(a), 29 U.S.C. § 1132(a), authorizes a plan participant to bring a civil action for appropriate relief under ERISA § 409, 29 U.S.C. § 1109. Section 409 requires "any

Page -21-

person who is a fiduciary . . . who breaches any of the . . . duties imposed upon fiduciaries . . . to make good to such plan any losses to the plan . . ." Section 409 also authorizes "such other equitable or remedial relief as the court may deem appropriate . . ."

92.     Plaintiff, the Plan, and the Class are therefore entitled to relief from the Defendants in the form of: (1) a monetary payment to Plaintiffs and putative class members to make good to the Plaintiffs the losses to the Plan resulting from the breaches of fiduciary duties alleged above in an amount to be proven at trial based on the principles described above, as provided by ERISA § 409(a), 29 U.S.C. § 1109(a); (2) injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §§ 409(a) and 502(a), 29 U.S.C. §§ 1109(a) and 1132(a);3) reasonable attorney fees and expenses, as provided by ERISA § 502(g), 29 U.S.C. § 1132(g), the common fund doctrine, and other applicable law; (4) taxable costs and (5) interests on these amounts, as provided by law; and (6) such other legal or equitable relief as may be just and proper.

## IX.    DECLARATORY JUDGMENT AND RELIEF

93.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

94.     Plaintiffs respectfully request, that pursuant to 28 U.S.C. § 2201, this Honorable Court declare that all Plan funds held by Defendant Peoples Bank, as custodian, rightfully belong to the Plaintiffs and putative class members.

95.     Plaintiffs also respectfully request, that pursuant to 28 U.S.C. § 2202, this Honorable Court direct all funds held by Defendant Peoples Bank, as custodian, to be paid directly to the Plaintiffs and putative class members.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, prays for:

a.   A finding that each Defendant is jointly and severally liable for the acts of the other Defendants as co-fiduciary;

b.   Actual monetary damages in the amount of any losses the Plan suffered, with such losses to be allocated among the Participants' individual accounts in proportion to the accounts' losses, with an Order to Defendant Peoples Bank, as custodian, to release said funds;

c.   Costs pursuant to 29 U.S.C. § 1132(g);

d.   Attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and;

e.   Such other relief as the Court may deem just and proper.

Respectfully submitted, this the _24_ day of September, 2014.

> **ROBERT K. HILL; DONALD BYTHER;
> SANDY BYTHER; KEITH CLARK;
> SAMUEL COPELAND; B.T. ERVE;
> PERCY EVANS; GEORGE FLAKES;
> SCOTT GOOLSBY; SHEILA KELLY;
> PAUL LEONARD; FRED SMITH;
> DEWAYNE TOLLIVER; ULYSSES
> WILEY; and WARFLOYD WINTERS**
>
> BY:_____
>
> **MATTHEW Y. HARRIS**
> MS STATE BAR NO. 99595
>
> **DIANDRA DEBROSSE**
> AL STATE BAR NO. 2956-N76d
> *PRO HAC VICE APPLICATION PENDING*

OF COUNSEL:                          ATTORNEYS FOR PLAINTIFFS

**RUTLEDGE, DAVIS AND HARRIS, PLLC**
Post Office Box 29
New Albany, Mississippi 38652
(662) 534-6421 (voice)
(662) 534-0053 (facsimile)
mharris@rdhlaw.net

**GENTLE, TURNER, SEXTON, DEBROSSE AND HARBISON**
Suite 100-501 Riverchase Parkway East
Hoover, Alabama 35244
(205) 716-3000 (voice)
(205) 716-3010 (facsimile)
ddebrosse@gtandslaw.com