UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| ROBERT K. HILL; DONALD BYTHER;) <br> SANDY BYTHER; KEITH CLARK; ) <br> SAMUEL COPELAND; B.T. ERVE; ) <br> PERCY EVANS; GEORGE FLAKES; ) <br> SCOTT GOOLSBY; SHEILA KELLY; ) <br> PAUL LEONARD; FRED SMITH; ) <br> DEWAYNE TOLLIVER; ULYSSES ) <br> WILEY; and WARFLOYD WINTERS ) <br> Individually and on Behalf of Themselves, ) <br> and on behalf of a Class of Persons ) <br> Similarly Situated, ) <br> ) <br> ) <br>                Plaintiffs, ) <br>    v. ) <br> ) <br> HILL BROTHERS CONSTRUCTION ) <br> COMPANY, INC.; HBC BOARD OF ) <br> DIRECTORS, KENNETH W. HILL, ) <br> KENNETH W. HILL, JR., ) <br> GERALD C. HILL, JIMMY HILL, ) <br> JOHN F. HILL, JR., STERLING AKER ) <br> DANNY McCALLISTER, CLYDE R. ) <br> ROBERTSON, DONALD BATES, ) <br> KEITH CLARK, JANE H. CHILDS, ) <br> BETH LOCKHART, MARK ) <br> ROBERSTON, DOUG HORTON, DAVID) <br> HORTON; THE HILL BROTHERS ) <br> CONSTRUCTION COMPANY INC. ) <br> EMPLOYEE STOCK OWNERSHIP ) <br> AND 401(K) PLAN AND TRUST PLAN ) <br> ADMINISTRATIVE COMMITTEE, ) <br> AND THE PEOPLES BANK ) <br> ) <br>                Defendants. ) | Case No. 3:2014-cv-00213 <br><br> Honorable Judge Sharion Aycock <br><br><br><br> **JURY TRIALDEMAND** |

**SECOND AMENDED CLASS ACTION COMPLAINT FOR NEGLIGENT BREACH OF
FIDUCIARY DUTY AND VIOLATION OF ERISA DISCLOSURE REQUIREMENTS**

Plaintiffs Robert K. Hill, Donald Byther, Sandy Byther, Keith Clark, Samuel Copeland, B.T. Erve, Percy Evans, George Flakes, Scott Goolsby, Sheila Kelly, Paul Leonard, Fred Smith, Dewayne Tolliver, Ulysses Wiley, and Warfloyd Winters (hereinafter collectively "Plaintiffs"), on behalf of themselves, and on behalf of a class consisting of similarly situated participants and beneficiaries (the Participants") of the Hill Brothers Construction Company Inc. Employee Stock Ownership (ESOP) and 401(k) Plan and Trust (collectively, the "Plan")(and which is attached hereto as Exhibit A), by their attorneys, allege the following for his Complaint (the "Complaint"), with this Second Amended Complaint amending the original September 29, 2014 Complaint and December 5, 2014 First Amended Complaint by replacing them in their entirety. The allegations contained herein are based on the investigation of counsel, except for those allegations pertaining to Plaintiffs, which are based upon information and belief, and personal knowledge. Plaintiffs may, after discovery and/or disclosure proceedings in this case, seek leave to amend this Complaint to add new parties or claims.

## I.   NATURE OF ACTION

1.     Plaintiffs, who were Participants in the Plan during time periods relevant to this Complaint, bring this civil enforcement action under Section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a), for Plan-wide relief on behalf of a class consisting of all current and former Participants in the Plan, for whose individual accounts, the Plan held shares of common stock (the "stock") of Defendant Hill Brothers Construction Company, Inc. ("HBC") or (the "Company") at any time from January 1, 2010 to the date of the filing of the Articles of Dissolution of HBC, namely June 2, 2014 (the period from January 1, 2010 to the present being hereinafter referred to as the ("Class Period"). Plaintiffs bring this

action on behalf of the Plan and the Class pursuant to § 502(a)(2) and (3) of ERISA, 29 U.S.C. § 1132(a)(2) and (3). As more fully set forth below, Defendants negligently breached their fiduciary duties to the Plan Participants, including those fiduciary duties set forth in ERISA Section 404, 29 U.S.C.§ 1104, and Department of Labor Regulations, including 29 C.F.R. § 2550.

2.      Plaintiffs' Count I alleges that certain Defendants, each having certain responsibilities regarding the management and investment of Plan assets, negligently breached their fiduciary duties to them, the Plan and the proposed Class by failing to manage prudently and loyally the Plan's investment in HBC's securities, and by failing to provide complete and accurate information to Plan participants regarding the Company's financial condition and the prudence of investing in Company Stock. These actions/inactions run directly counter to the express purpose of ERISA pension plans, which are designed to help provide funds for participants' retirement (see ERISA § 2, 29 U.S.C. § 1001 ("CONGRESSIONAL FINDINGS AND DECLARATION OF POLICY")).

3.      Count II alleges that certain Defendants breached their fiduciary duties to Plaintiffs, the Plan, and the Proposed Class, by failing to monitor adequately other persons to whom management/administration of Plan assets was delegated, despite the fact that such Defendants knew or should have known that such other fiduciaries were imprudently allowing the Plan to continue offering Company Stock as an investment option, and negligently investing Plan assets in Company Stock when it was no longer prudent to do so, and when dissolution of HBC was imminent.

4.      Plaintiff alleges that Defendants allowed the imprudent investment of the Plan's assets in Company equity throughout the Class Period, despite the fact that they knew or should have

known that such investment was imprudent, because the Company was not a profitable business and its credit costs and loan losses continually increased during the Class Period.

5.    This action is brought on behalf of the Plaintiffs, the Plan, and the Class, and seeks recovery of losses to the Plan for which Defendants are severally and jointly liable pursuant to ERISA §§ 409 and 502, 29 U.S.C. §§ 1109, and 1132. Because Plaintiffs' claims apply to the Plan, inclusive of all participants with accounts invested in Company Stock during the Class Period, and because ERISA specifically authorizes participants such as Plaintiffs to sue for relief to the Plan from breaches of fiduciary duty, such as those alleged herein, Plaintiffs bring this as a class action on behalf of the Plan and all participants and beneficiaries of the Plan during the proposed Class Period, constituting the Class.

## II.    JURISDICTION AND VENUE

6.    Plaintiffs' claims arise under and pursuant to ERISA Section 502, 29 U.S.C. §1132.

7.    This Court has original exclusive subject matter jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C.§1132(e)(1). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C.§ 1331.

8.    Venue is proper in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C.§1132(e)(2), because this is a District where the Plan was administered, where breaches of fiduciary duty took place and/or where one or more Defendants reside.

## III.    THE PARTIES

**Plaintiffs**

9.     Plaintiff **Robert K. Hill** ("Hill") is a resident of the State of Mississippi. Plaintiff Hill was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Hill was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

10.    Plaintiff **Donald Byther** ("Byther") is a resident of the State of Mississippi. Plaintiff Donald Byther was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Byther was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

11.    Plaintiff **Sandy Byther** ("Sandy") is a resident of the State of Mississippi. Plaintiff Sandy Byther was employed by HBC for many years, and maintained an investment in HBC common stock in her individual account in the Plan during the Class Period. At all relevant times, Plaintiff Sandy was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a),

to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

12.    Plaintiff **Keith Clark** ("Clark") is a resident of the State of Mississippi. Plaintiff Clark was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Clark was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

13.    Plaintiff **Samuel Copeland** ("Copeland") is a resident of the State of Mississippi. Plaintiff Copeland was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Copeland was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7).  Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

14.    Plaintiff **B.T. Erve** ("Erve") is a resident of the State of Mississippi. Plaintiff Erve was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Erve was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful

actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

15.     Plaintiff **Percy Evans** ("Evans") is a resident of the State of Mississippi. Plaintiff Evans was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Evans was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

16.     Plaintiff **George Flakes** ("Flakes") is a resident of the State of Mississippi. Plaintiff Flakes was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Flakes was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

17.     Plaintiff **Scott Goolsby** ("Goolsby") is a resident of the State of Mississippi. Plaintiff Goolsby was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Goolsby was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C.

§1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

18.     Plaintiff **Sheila Kelly** ("Kelly") is a resident of the State of Mississippi. Plaintiff Kelly was employed by HBC for many years, and maintained an investment in HBC common stock in her individual account in the Plan during the Class Period. At all relevant times, Plaintiff Kelly was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

19.     Plaintiff **Paul Leonard** ("Leonard") is a resident of the State of Mississippi. Plaintiff Leonard was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Leonard was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

20.     Plaintiff **Fred Smith** ("Smith") is a resident of the State of Mississippi. Plaintiff Smith was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Smith

was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

21.     Plaintiff **DeWayne Tolliver** ("Tolliver") is a resident of the State of Mississippi. Plaintiff Tolliver was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Tolliver was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

22.     Plaintiff **Ulysses Wiley** ("Wiley") is a resident of the State of Mississippi. Plaintiff Wiley was employed by HBC for many years, and maintained an investment in HBC common stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Wiley was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

23.     Plaintiff **Warfloyd Winters** ("Winters") is a resident of the State of Mississippi. Plaintiff Winters was employed by HBC for many years, and maintained an investment in HBC common

stock in his individual account in the Plan during the Class Period. At all relevant times, Plaintiff Winters was and is a "participant" of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Plaintiff, as a participant in the Plan who suffered losses as a result of the Plan's wrongful actions, is authorized and empowered pursuant to ERISA §502(a), 29 U.S.C.§1132(a), to prosecute this action on behalf of the Plan to obtain appropriate legal, monetary, and equitable relief and remedies under ERISA §409, 29 U.S.C.§1109(a).

**Defendants**

24.     Defendant **HBC** is, on information and belief, defunct. It was a corporation organized and existing under the laws of the State of Mississippi, and maintained its formal principal place of business at 20831 Highway 15 North, Falkner, Mississippi, 38629. While in business, HBC engaged in the business of major construction projects, including, but not limited to, construction of federal and state highways throughout the Southeastern United States. Defendant HBC filed for their Articles of Dissolution with the Office of the Mississippi Secretary of State on June 2, 2014, and HBC is no longer in operation. Nonetheless, at all times relevant to this Complaint HBC exercised extensive control over the management and administration of the Plan and/or the Plan's assets. For example, HBC has the responsibility and authority, among other things, to appoint and remove the Plan's Trustees and monitor their performance. As such, HBC was a fiduciary of the Plan within the meaning of ERISA in that it exercised discretionary authority with respect to the management and administration of the Plan.

25.     Defendant the **Plan Administrative Committee** is a named fiduciary and administrator of the Plan, comprised of members appointed by the Board of Directors to administer the Plan.

26.     At all times relevant to this Complaint, Defendant **Kenneth Hill** managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so.   At all times relevant Defendant **Kenneth Hill** served as an officer or one of the Directors of HBC. Upon information and belief, Defendant **Kenneth Hill** is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

27.     At all times relevant to this Complaint, Defendant **Gerald C. Hill** managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Gerald C. Hill** served as one of the Directors of HBC and as President of HBC. Pursuant to Section 5.1 of the governing plan, Defendant **Gerald C. Hill**, as President, was a named fiduciary of the Plan.  Additionally, Defendant **Gerald C. Hill** was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

28.     At all times relevant to this Complaint, Defendant **Clyde R. Robertson** ("Robertson") managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Robertson** served as one of the Directors of HBC. Upon information and belief, Defendant **Robertson** is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

29.     At all times relevant to this Complaint, Defendant **Kenneth Hill, Jr.**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Kenneth Hill, Jr.**, served as one of the Directors of HBC. Upon information and belief, Defendant **Kenneth Hill, Jr.**, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

30.     At all times relevant to this Complaint, Defendant **Jimmy Hill** managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Jimmy Hill** served as an officer or one of the Directors of HBC. Upon information and belief, Defendant **Jimmy Hill** is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

31.     At all times relevant to this Complaint, Defendant **John F. Hill, Jr.**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **John F. Hill, Jr.**, served as an officer or one of the Directors of HBC. Upon information and belief, Defendant **John F. Hill, Jr.**, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

32.     At all times relevant to this Complaint, Defendant **Sterling Aker**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee

to do so. At all times relevant Defendant **Sterling Aker**, served as one of the Directors of HBC. Upon information and belief, Defendant **Sterling Aker**, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

33. At all times relevant to this Complaint, Defendant **Danny McCallister**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Danny McCallister**, served as one of the Directors of HBC. Upon information and belief, Defendant **Danny McCallister**, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

34. At all times relevant to this Complaint, Defendant **Donald Bates**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Donald Bates**, served as one of the Directors of HBC. Upon information and belief, Defendant **Donald Bates**, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

35. At all times relevant to this Complaint, Defendant **Keith Clark**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Keith Clark**, served as one of the Directors of HBC. Upon information and belief, Defendant **Keith Clark**, is a fiduciary of the Plan and was a

fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

36.     At all times relevant to this Complaint, Defendant **Jane H. Childs**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Jane H. Childs**, served as one of the Directors of HBC. Upon information and belief, Defendant **Jane H. Childs**, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

37.     At all times relevant to this Complaint, Defendant **Beth Lockhart**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Beth Lockhart**, served as one of the Directors of HBC. Upon information and belief, Defendant **Beth Lockhart**, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

38.     At all times relevant to this Complaint, Defendant **Mark Robertson**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Mark Robertson**, served as one of the Directors of HBC. Upon information and belief, Defendant **Mark Robertson**, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that

he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

39.     At all times relevant to this Complaint, Defendant **Doug Horton**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **Doug Horton**, served as one of the Directors of HBC. Upon information and belief, Defendant **Doug Horton**, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

40.     At all times relevant to this Complaint, Defendant **David Horton**, managed the Plan and the assets of the Plan, and acted as a fiduciary with respect to the Plan, or appointed a committee to do so. At all times relevant Defendant **David Horton**, served as one of the Directors of HBC. Upon information and belief, Defendant **David Horton**, is a fiduciary of the Plan and was a fiduciary of the Plan at all relevant times within the meaning ERISA in that he exercised discretionary authority with respect to: (i) the management and administration of the Plan; and/or (ii) the management and disposition of the Plan's assets.

41.     At all times relevant to this Complaint, up to and including the present date, Defendant **Peoples Bank,** a bank chartered and existing under the laws of the State of Mississippi, held and/or holds Plan funds on deposit in their institution. No wrongdoing is alleged as against this Defendant. However, they are named as an indispensable party due to their custodial status.

## IV.    DESCRIPTION OF THE PLAN

42.     At all times relevant to this Complaint, the Plan was an employee benefit plan within the meaning of ERISA Section§ 3(3) and 3(2)(A), 29 U.S.C. §§ 1002(3) and 1002(2)(A).

43.     At all times relevant to this Complaint, the Plan was a "defined contribution" or "individual account" plan within the meaning of ERISA Section 3(34), 29 U.S.C. § 1002(34), in that the Plan provided for individual accounts for each Participant and for benefits based solely upon the amount contributed to the Participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other Participants which could be allocated to such Participant's accounts.

44.     At all times relevant to this Complaint the Plan provided a number of different options for investment of the Plan's assets, including the Fund.

45.     The Plan provides, among other things:

       a.     General: The Plan is a defined contribution plan covering all employees of the Company who have met the eligibility service requirements. An employee is eligible to participate in the Plan after 1,000 or more hours of service within any plan year, and is age 21or older. The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.

       b.     Contributions: Participants were allowed to contribute any percentage of compensation to the Plan, with the maximum dollar limit for salary deferrals limited to $16,500 in 2010.

       c.     Vesting: Participants became one hundred percent (100%) vested in the Plan after five (5) years of consecutive service.

## V.   THE FACTS

46.     Plaintiff Hill is an eligible, vested participant in the Plan.

47.     Plaintiff Donald Byther is an eligible, vested participant in the Plan.

48.     Plaintiff Sandy Byther is an eligible, vested participant in the Plan.

49.     Plaintiff Clark is an eligible, vested participant in the Plan.

50.     Plaintiff Copeland is an eligible, vested participant in the Plan.

51.     Plaintiff Erve is an eligible, vested participant in the Plan.

52.     Plaintiff Evans is an eligible, vested participant in the Plan.

53.     Plaintiff Flakes is an eligible, vested participant in the Plan.

54.     Plaintiff Goolsby is an eligible, vested participant in the Plan.

55.     Plaintiff Kelly is an eligible, vested participant in the Plan.

56.     Plaintiff Leonard is an eligible, vested participant in the Plan.

57.     Plaintiff Smith is an eligible, vested participant in the Plan.

58.     Plaintiff Tolliver is an eligible, vested participant in the Plan.

59.     Plaintiff Wiley is an eligible, vested participant in the Plan.

60.     Plaintiff Winters is an eligible, vested participant in the Plan.

61.     During the class period putative class members became eligible participants in the Plan,
entitled to all of the benefits appurtenant thereto.

62.     During all relevant time periods, the Defendants knew, or should have known, of the
declining financial health of the Company, and, accordingly, failed to warn Plaintiffs and other
Plan members of the financial condition of the Company, and continued to accept Plan member
contributions to purchase Company Stock.

63.     On or about June 1, 2013, HBC ceased operations, and Plaintiff Hill was informed of the
same on or about June 18, 2013.

64.     Plaintiff Hill and putative class members were then informed that their entitlement to funds under the Plan would not be honored, and that the stock was worthless.

## VI.  CLASS ALLEGATIONS

65.     Plaintiffs brings this action on their own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of all current and former Participants in the Plan for whose individual accounts the Plan held shares of Company common stock (including in the form of Company common stock or units of the Company Stock Fund (the "Fund")) at any time from December 31, 2006 to the present (the "Class"), but excluding from the Class the Defendants named herein.

66.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are, at minimum, 400 members of the Class.

67.     Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

> a.   Whether Defendants were fiduciaries;
>
> b.   Whether Defendants negligently breached their fiduciary duties;
>
> c.   the Plan and the Participants were injured by such breaches; and
>
> d.   Whether the Class is entitled to damages and injunctive relief.

68.     Plaintiffs' claims are typical of the claims of the other members of the Class, as the Plaintiffs and all members of the Class sustained injury arising out of Defendants' negligent conduct in breaching their fiduciary duties and violating ERISA as complained of herein.

69.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained able counsel with extensive experience in class action litigation. The interests of Plaintiffs are coincident with and not antagonistic to the interests of the other Class members.

70.     Prosecution of separate actions by members of the Class would create a risk of inconsistent adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

71.     The claims herein are under ERISA and related principles of federal common law, and cannot be asserted by the Plaintiffs in derivative actions against the Company or in Class actions under securities law.

72.     Under and as required by ERISA, Defendants carry insurance for some or all of the claims asserted herein that may not be available to the Defendants in any other actions

## VII.    CLAIMS FOR RELI

### COUNT I

**Failure to Manage the Plan's Assets Prudently and Loyally**
**(Negligent Failure to Follow the Plan Documents-**
**Breaches of Fiduciary Duties in Violation of ERISA § 404 and § 405 by All Defendants)**

73.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

74.     At all relevant times, as alleged above, all Defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) in that they exercised discretionary authority or control over the administration and/or management of the Plan or disposition of the Plan's assets.

75.     Under ERISA, fiduciaries who exercise discretionary authority or control over management of a Plan or disposition of a Plan's assets are responsible for ensuring that investment options made available to participants under a Plan are prudent. Furthermore, such fiduciaries are responsible for ensuring that assets within the Plan are prudently invested.

76.     Defendants were responsible for ensuring that all investments in the Company's Stock in the Plan were prudent and that such investment was consistent with the purpose of the Plan. Defendants are liable for losses incurred as a result of such investments being imprudent. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

77.     Defendants also breached their duties of loyalty and prudence by negligently failing to provide complete and accurate information regarding the Company's true financial condition. During the Class Period, upon information and belief, the Company and the other Defendants negligently fostered a positive attitude toward the Company's stock, and/or allowed participants in the Plan to follow their natural bias towards investment in the equities of their employer by not disclosing material facts regarding the Company's financial health, ability to take on and complete construction projects and/or financial relationships with affiliated companies.

78.     As a direct and proximate result of the negligent breaches of fiduciary duties alleged

herein, Plaintiffs, and the Plan's other participants and beneficiaries, lost their entire retirement

investment in the Plan.

79.     Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a) and ERISA § 409, 29 U.S.C. § 1109(a),

Defendants in this Count are liable to restore the losses to the Plan caused by their breaches of

fiduciary duties alleged in this Count, and Plaintiffs and putative Class members are entitled to

any Plan funds currently being held by a third party, namely Defendant, The Peoples Bank, with

regard to funds maintained pursuant to the Plan.

**COUNT II**

**Failure to Monitor Other Fiduciaries Adequately and**
**Provide Them with Accurate Information**
**(Breaches of Fiduciary Duties in Violation of ERISA § 404)**

80.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this

Complaint as if fully set forth herein.

81.     At all relevant times, as alleged above, Defendants were fiduciaries, within the meaning

of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

82.     At all relevant times, as alleged above, the scope of the fiduciary responsibility of the

Defendants to the Plan and to the Class included the responsibility to appoint, evaluate, and

monitor other fiduciaries, including, without limitation, the appointed Plan Committee and all

other Company officers, employees and agents to whom Plan fiduciary responsibilities were

delegated.

83.     The duty to monitor entails both giving information to and reviewing the actions of the

monitored fiduciaries. In this case, that means that the monitoring fiduciaries, the Defendants,

had the duty, and negligently failed to (1) prevent the Plan from continuing to offer Company

Page -21-

Stock as an investment option; and (2) failed to disclose to the monitored fiduciaries accurate information about the financial condition of the Company that these Defendants needed to make sufficiently informed decisions respecting Plan investments.

84.     Defendants are liable as co-fiduciaries because they participated in each other's negligent conduct, thus enabling the breaches of fellow Defendants, and they failed to make any effort to remedy these breaches, despite having knowledge or constructive knowledge of them.

85.     As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan, and indirectly the Plaintiffs and the Plan's other participants and beneficiaries constituting the Class, lost their entire retirement investment in the Plan. Plaintiffs and putative Class members are entitled to any funds currently being held by a third party entity, namely Defendant The Peoples Bank, with regard to funds maintained pursuant to the Plan.

## COUNT III

### DEMAND FOR AN ACCOUNTING

86.     On information and belief, Defendant Peoples Bank has been the custodian of Plan assets during the Class period. Due to Peoples Banks unique resulting knowledge of the receipt, management and disbursement of Plan assets, it is in a position to provide a detailed accounting thereof, itemized by Plan participant.

87.     Without such an accounting the Class will not be able to obtain all of the relief requested herein, with such an accounting thereof being necessary and proper in equity and under ERISA.

88.     Considering the allegations contained above herein, Plaintiffs hereby demand the above accounting from Defendant Peoples Bank of all funds currently held by Defendant Peoples Bank.

## COUNT IV

## DEMAND FOR PRELIMINARY INJUNCTION

89.     Defendant Peoples Bank, and, on information and belief, other Defendants, hold Plan assets, which are in danger of being paid to unauthorized persons without an order for the Court issuing a preliminary injunction enjoining the Defendants from disposing of potential plan assets pending a final decision of the Court on the merits of this matter, under Federal Rule of Civil Procedure 65 (a).

90.     Defendant Peoples Bank is holding approximately $500,000 in plan assets that have not been distributed in accounts of the Bank. Defendant Peoples Bank has been notified of this Count IV, and do not object to the issuance of an order requiring them to hold such funds pending final disposition of this matter. As further grounds therefore, Plaintiffs allege that there is a potentially significant irreversible harm to Plaintiffs if Defendant Peoples Bank is not enjoined from disposing of the assets held in their care. Conversely if this Court prevents Defendant from disposing of the assets pending final resolution, it would merely maintain the status quo.

91.     Due to the negligent and wrongful conduct described herein of the other Defendants, Plaintiffs hereby request that the Court issue a preliminary injunction against all Defendants from disposing of any Plan funds held in their possession pending final disposition of this matter. For the same reason as argued above, there is a potentially significant irreversible harm to Plaintiffs if other Defendants are able to dispose of plan asset held in their care, but a preliminary injunction will maintain the status quo.

## COUNT V.

## REMEDY FOR BREACHES OF FIDUCIARY DUTY

92.     As noted above, as a consequence of the Defendants' breaches, the Plaintiffs and the Class suffered significant losses.

93.     ERISA § 502(a), 29 U.S.C. § 1132(a), authorizes a plan participant to bring a civil action for appropriate relief under ERISA § 409, 29 U.S.C. § 1109. Section 409 requires "any person who is a fiduciary . . . who breaches any of the . . . duties imposed upon fiduciaries . . . to make good to such plan any losses to the plan . . ." Section 409 also authorizes "such other equitable or remedial relief as the court may deem appropriate . . ."

94.     Plaintiffs, the Plan, and the Class are therefore entitled to relief from the Defendants in the form of: (1) a monetary payment to Plaintiffs and putative class members to make good to the Plaintiffs the losses to the Plan resulting from the breaches of fiduciary duties alleged above in an amount to be proven at trial based on the principles described above, as provided by ERISA § 409(a), 29 U.S.C. § 1109(a); (2) injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §§ 409(a) and 502(a), 29 U.S.C. §§ 1109(a) and 1132(a); (3) reasonable attorney fees and expenses, as provided by ERISA § 502(g), 29 U.S.C. § 1132(g), the common fund doctrine, and other applicable law; (4) taxable costs and (5) interest on these amounts, as provided by law; and (6) such other legal or equitable relief as may be just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves, and those similarly situated, pray for:

    a.  A finding that each Defendant is jointly and severally liable for the acts of the other Defendants as co-fiduciary;

b. An accounting by Peoples Bank, of the receipt, investment and disbursement of Plan assets, itemized by Class member.

c. The grant of a permanent injunction requiring Defendant Peoples Bank and all other Defendants to disgorge and interplead any Plan funds or assets related to said litigation into the Court;

d. Actual monetary damages in the amount of any losses the Class members of the Plan suffered during the Class Period, with such losses to be allocated among the Participants' individual accounts in proportion to the respective Plan accounts' losses;

e. Costs pursuant to 29 U.S.C. § 1132(g);

f. Attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and;

g. Such other relief as the Court may deem just and proper.

Respectfully submitted, this the 16th day of February, 2015.

> **ROBERT K. HILL; DONALD BYTHER;**
> **SANDY BYTHER; KEITH CLARK;**
> **SAMUEL COPELAND; B.T. ERVE;**
> **PERCY EVANS; GEORGE FLAKES;**
> **SCOTT GOOLSBY; SHEILA KELLY;**
> **PAUL LEONARD; FRED SMITH;**
> **DEWAYNE TOLLIVER; ULYSSES**
> **WILEY; and WARFLOYD WINTERS**

BY:
> MATTHEW Y. HARRIS
> MS STATE BAR NO. 99595
>
> EDGAR C. GENTLE, III
> AL STATE BAR NO. ASB-0349-E68E
> *ADMITTED PRO HAC VICE*
>
> DIANDRA DEBROSSE-ZIMMERMANN
> AL STATE BAR NO. ASB-2956-N76D
> *ADMITTED PRO HAC VICE*

STERLING L. DERAMUS
AL STATE BAR NO. ASB-6781-R60S
*PRO HAC VICE APPLICATION PENDING*

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:
**RUTLEDGE, DAVIS AND HARRIS, PLLC**
Post Office Box 29
New Albany, Mississippi 38652
(662) 534-6421 (voice)
(662) 534-0053 (facsimile)
mharris@rdhlaw.net

**GENTLE, TURNER, SEXTON, DEBROSSE AND HARBISON**
Suite 100-501 Riverchase Parkway East
Hoover, Alabama 35244
(205) 716-3000 (voice)
(205) 716-3010 (facsimile)
escrowagen@aol.com
ddebrosse@gtandslaw.com

**STERLING L. DeRAMUS**
2229 1st Ave. North
Birmingham, Alabama 35203
(205) 504-0189
sderamus@deramuslaw.com

## CERTIFICATE OF SERVICE

I, Matthew Y. Harris, one of the attorneys for the Plaintiffs in this cause, do hereby

certify that I have on this date, served a true and exact copy of the above and foregoing

document upon counsel for the Defendants, via the federal ECF system and to the following

attorneys via United States mail, first class, postage prepaid, addressed to them at their usual

business addresses:

**Honorable John Hill**
**Mitchell McNutt & Sams**
**Post Office Box 7120**
**Tupelo, Mississippi 38802-7120**

**Honorable William B. Raiford III**
**Merkel & Cocke**
**Post Office Box 1388**
**Clarksdale, Mississippi 38614-1388**

**Honorable Scot Spragins**
**Hickman Goza & Spragins, PLLC**
**Post Office Box 668**
**Oxford, Mississippi 38655-0668**

**Honorable John Booth Farese**
**Farese Farese & Farese**
**Post Office Box 98**
**Ashland, Mississippi 38603-0098**

**Honorable Ralph Chapman**
**Chapman Lewis & Swan**
**Post Office Box 428**
**Clarksdale, Mississippi 38614-0428**

**SO CERTIFIED**, this the 16th day of February, 2015.

/S/ Matthew Y. Harris

**MATTHEW Y. HARRIS**