IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT K. HILL, et al.                                                                                    PLAINTIFFS

V.                                                                              CAUSE NO.: 3:14CV213-SA-SAA

HILL BROTHERS CONSTRUCTION
COMPANY, INC., et al.                                                                                    DEFENDANTS

ORDER ON INJUNCTION

The parties have requested, with no opposition, that the Court issue an Order preventing Defendant The Peoples Bank from disbursing, issuing, and/or otherwise converting any funds or other assets of Defendant Hill Brothers Construction Company ESOP and 401(k) Plan and Trust.

Plaintiffs were all Participants in the Plan during the applicable time period. The First Amended Complaint alleges that Plaintiffs have suffered financial injury due to the negligent conduct of all the Defendants (with the exception of The Peoples Bank), in the management and disposition of the Plan's assets, in negligently failing to ensure that all investments were prudent, and by negligently failing to govern co-fiduciaries in their duties. The Complaint was amended to add a count requesting a Preliminary Injunction of the Plan assets. The parties now seek to impose that injunction.

Preliminary injunctions are extraordinary forms of relief and require the plaintiff to carry an onerous burden. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The ultimate function of employing such injunctive relief is merely to preserve the status quo until the case can be heard on its merits. *Morgan v. Fletcher*, 518 F.2d 236, 239 (5th Cir. 1975). A determination as to whether a set of circumstances warrants such relief rests in the discretion of the district court subject only to four preconditions enumerated by the Fifth Circuit. *See Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Thus, in order to prevail on a motion for preliminary injunction under *Canal*, a plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat that he will suffer irreparable injury if the preliminary injunction is denied, (3) his threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) granting the preliminary injunction will not disserve the public interest. *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006); *Howell v. City of New Orleans*, 844 F. Supp. 292, 293 (E.D. La. 1994); *see also Northeastern Florida Chapter of the Assoc. of General Contractors of Amer. v. City of Jacksonville, Florida*, 896 F.2d 1283, 1285 (11th Cir. 1990) (enunciating that movant "must clearly carry the burden of persuasion as to the four prerequisites"). Moreover, even when a movant establishes each of the *Canal* requirements, the decision whether to grant or deny preliminary injunctive relief is left to the discretion of the district court. *Digital Gen. Inc., v. Boring*, 869 F. Supp. 2d 761, 772 (N.D. Tex. 2012) (citing *Mississippi Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985)).

As there has been no opposition to the request for preliminary injunction and the parties acknowledge that no prejudice will imbue therefrom, the Court finds that Plaintiffs have satisfied their burden. *See Dearmore v. City of Garland*, 519 F.3d 517, 523 (5th Cir. 2008) (affirming lower court's grant of joint preliminary injunction where parties agreed to maintain status quo until trial). The Court therefore enjoins Defendant The Peoples Bank, as agreed, from distributing any of the Plan assets until resolution of this matter. The Joint Motion for Injunction is GRANTED.

SO ORDERED, this the 11th day of September, 2015.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**