IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| **ROBERT K. HILL**, et al., Individually and on Behalf of Themselves, and on Behalf of a Class of Persons Similarly Situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 3:14-cv-00213-SA-JMV |
| **HILL BROTHERS CONSTRUCTION COMPANY, INC.**, et al., | ) ) ) ) | |
| Defendants. | ) | |

### AMENDED BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**COME NOW** Plaintiffs Robert K. Hill, Donald Byther, Sandy Byther, Keith Clark, Samuel Copeland, B.T. Erve, Percy Evans, George Flakes, Scott Goolsby, Sheila Kelly, Paul Leonard, Fred Smith, Dewayne Toliver, Ulysses Wiley, and Warfloyd Winters (hereinafter "Plaintiffs"), and submit this amended brief in support of their motion for an Order certifying this case as a class action. As demonstrated below, this case is well suited for class action treatment and meets all of the requirements for class certification under Fed. R. Civ. P. ("Rule") 23(a) and 23(b).

### I.  PRELIMINARY STATEMENT

This litigation is brought on behalf of participants and beneficiaries of the Hill Brothers Construction Company, Inc., Employee Stock Ownership Plan (hereinafter "ESOP") and 401(k) Plan (hereinafter "401(k)") (collectively referred to herein as the "Plan"). Defendants are Hill Brothers Construction, Inc. (hereinafter "Hill Brothers,"

"HBCC," or the "Company"), which at all times relevant to this matter, exercised dominion and control over the management and/or administration of the Plan and/or the Plan's assets, the Plan Administrative Committee (hereinafter "Committee"), which at all times relevant to this matter, was and is the named fiduciary and Administrator of the Plan, and Kenneth Hill, Gerald C. Hill, Clyde R. Robertson, Kenneth Hill, Jr., Jimmy Hill, John F. Hill, Jr., Sterling Akers, Danny McCallister, Donald Bates, Jane H. Childs, Beth Lockhart, Mark Robertson, Doug Horton, and David Horton, all of whom were, at all times relevant to this matter, fiduciaries of the Plan.

The action is brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), ERISA §§ 502(a)(2) and (3), 29 U.S.C. §§ 1 132(a)(2) and (3) (ERISA's civil enforcement provisions), alleging violations of ERISA §404, 29 U.S.C. §1104 (ERISA's fiduciary standards provision). The proposed class (hereinafter "Class") includes:

> All current and former Participants in the Plan for whose individual accounts the Plan held shares of Company common stock (including in the form of Company common stock or units of the Company Stock Fund (the "Fund")) at any time from December 31, 2006 to the present (the "Class"), but excluding from the Class the Defendants named herein.

This ERISA breach of fiduciary duty action is particularly appropriate for class action treatment because only Plan-wide relief is available. The wrongdoing alleged in Plaintiffs' Third Amended Complaint (hereinafter "Complaint") was directed against the Plan and the Plan's fiduciaries as a whole, and the outcome of the litigation will affect hundreds of former Hill Brothers' employees

ERISA is remedial legislation designed to protect employees' retirement savings by setting high standards for fiduciary conduct, requiring honest

communication to Plan participants, and offering an effective means to redress violations. 29 U.S.C. §1001(b).

## II. FACTUAL & PROCECURAL BACKGROUND

As described hereinabove, all of the Defendants sat in a fiduciary capacity to the Plaintiffs herein. Accordingly, even though the Plan owned the stock, practical and legal control of the company remained vested in the Defendant owners.

All of the Plaintiffs herein were participants in the ESOP, and the members of the class they seek to represent were also all participants in the ESOP.

Hill Brothers incorporated in the 1980's. In 2012, their last full year of existence, Hill Brothers' revenue totaled $107,863,139.00. *See* Exhibit 4, HBCC Audited Financial Statement for 2012. In 2013, the Company had approximately 400 – 500 employees, and there were approximately 730 plan participants (*i.e.*, including former employees and retirees). *See* Exhibit 3, 2012 Form 5500, p. 2; Exhibit 5, Deposition of Kenneth Hill, Jr., (28:22-29:2). The stock of HBCC was always closely held, and never publicly traded. *See* Exhibit 9, Deposition of Jane H. Childs (12:24-13:4).

At some point after June 2013, the Company ceased doing business, and notified Plaintiffs and putative class members that the value of their Plan investment was zero. *See* Exhibit 1. At no time prior to the notification of closing did the Company, its officers, owners, or the Plan, warn the Plaintiffs and putative class members of the impending collapse of the Company. *See* Exhibits 20 – 30, Plaintiffs' Affidavits; Exhibit 5, Deposition of Kenneth Hill, (15:19-16:12); Exhibit 9, Deposition of Jane H. Childs, (17:22-18:10); Exhibit 7, Deposition of Danny McAllister, (10:20-11:7, 11:15-18); Exhibit 8, Deposition of Sterling Aker, (14:2-15); Exhibit 6, Deposition of Clyde

Robertson, (11:11-14). The audited financial statements of HBCC reveal stockholder equity (assets less both short and long-term liabilities) of $16,019,607.00, as of December 31, 2012. Exhibit 4, p. 6.[1] That same audited financial statement showed a cash position of approximately $20,000,000.00 as of December 31, 2012. *Id.,* p. 5. Indeed, in the January/February 2013 Company newsletter issued to employees, the Company did not warn its employees, or even hint, of any financial problems or increased risk that their ESOP shares would be valueless. *See* Exhibit 14. The Plaintiffs and putative class members were not informed that the Plan assets had been reduced to zero until on or about June 18, 2013, when they were issued a notice informing them of the financial troubles and the impending dissolution of the Company. *See* Exhibit 1, Exhibits 20 – 31, Plaintiffs' Affidavits, Exhibit 5, Deposition of Kenneth Hill, Jr., (15:21-16:12); Exhibit 9, Deposition of Jane H. Childs, (16:13-17:14, 19:1-6); Exhibit 7, Deposition of Danny McAllister, (10:23-11:18); and Exhibit 8, Deposition of Sterling Aker, (14:2-8).

After the collapse of HBCC some of the owners/Defendants continued, and still continue, to either own or be employed by sister companies. *See* Exhibit 5, Deposition of Kenneth Hill, Jr. (8:16-20). Hill Brothers Leasing Co., Inc. ("HBLC") existed for several years prior to the collapse of HBCC. HBLC, which still operates and exists today, owned hard assets, such as construction equipment, and would lease the equipment to HBCC. *See* Exhibits 21 – 30, Plaintiffs' Affidavits. Further, Xcavators, Inc. (hereinafter "Xcavators"), a company originally founded to do dirt work, has at least some common ownership with HBCC, and is bidding and acquiring construction jobs of the same type and nature as HBCC. *See* Exhibit 5, Deposition of Kenneth Hill, Jr. (8:16-20), Plaintiffs'

---

[1] The indicated value appears on the 6th page of the exhibit but it is mislabeled p. 5. There are two page 5's. Presumably the result of scrivener's error.

Affidavits 21-24, 26-28. On information and belief, HBLC is doing business today with Xcavators.

The Plaintiffs and putative class members all were left with absolutely nothing after being participants in the ESOP. *See* Exhibit 1 and Exhibit 9, Deposition of Jane H. Childs, (19:1-6-). The Defendants continue to thrive.

### III. ARGUMENT

### CLASS CERTIFICATION IS WARRANTED IN THIS CASE

A class action may be maintained only if all four (4) of the requirements set forth in Rule 23(a) of the Federal Rules of Civil of Procedure, and at least one of the requirements of Rule 23(b), are satisfied. *See* Fed.R.Civ.P. 23; *see also Maldonado v. Oschner Clinic Found.,* 493 F.3d 521, 523 (5th Cir. 2007). A party seeking class certification must affirmatively demonstrate her compliance as Rule 23 does not set forth a mere pleading standard. *Id.* Rule 23(a) requires (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed.R.Civ.P. 23(a).

ERISA claims are routinely granted class certification in federal district courts within the Fifth Circuit. *See, e.g., Humphrey v. United Way of Tex. Gulf Coast*, 802 F. Supp.2d 847 (S.D. Tx. 2011); *Boos v. AT&T, Inc.*, 252 F.R.D. 319 (W.D. Tx. 2008); *Swody v. Harrah's New Orleans Mgmt. Co.*, 1996 U.S. Dist. LEXIS 5512 (E.D. La. April 22, 1996; *Stoffels v. SBC Communs, Inc.*, 238 F.R.D 446 (W.D. Tx., 2006); *In re Braniff Airways, Inc.*, 22 B.R. 1005 (Bankr. N.D. Tx., 1982).

Plaintiffs have affirmatively established in Plaintiffs' Motion for Class Certification, and in this Brief in Support of Plaintiffs' Motion for Class Certification that

Plaintiffs are entitled to class certification pursuant to Rule 23. Plaintiffs assert that it is the only just manner in which to adjudicate hundreds of claims of individuals who have been devastated financially by Defendants' wrongful conduct.

### 1. The Prerequisites of Rule 23(a) Are Satisfied

*The Class Is So Numerous That Joinder of All Members Is Impracticable*

Rule 23(a) states that the Plaintiffs must show that "the class is so numerous that joinder of all parties is impracticable." *See* Fed. R. Civ. P. 23(a) (1). There must be so many members in the proposed class that "joinder of all members is impracticable." *Id.* "[A] plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000) (*quoting Ziedman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981)).

Practicability of individual joinder is the main focus of this requirement, but a court may also consider other factors including the number of claimants and the nature of the action. *Walton v. Franklin Collection Agency, Inc.,* 190 F.R.D 404 (N.D. Ms., 2000); *citing Watson, et al. v. Shell Oil Co.*, 979 F.2d 1014, 1022 (5th Cir. 1992) (noting that numerosity requirement imposes no mechanical rules). There is no bright-line or hard-and-fast rule as to how many putative class members are enough. In some jurisdictions, numerosity is presumed satisfied if there are forty (40) or more members. *See Consol. Rail Cor. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members…"); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) ("[G]enerally less than twenty-one is inadequate, more than forty adequate with numbers between varying according to other factors.") (citation and

internal quotation marks omitted); *Humphrey v. United Way of Tex. Gulf Coast*, 2007 U.S. Dist. LEXIS 59557, at *18 (S.D. Tex. August 14, 2007) ("Generally, a class size of more than forty members satisfies the numerosity requirement.").

Based upon Defendant Hill Brothers' filing of Internal Revenue Form 5500 for the final year of full operation, 2012, there were approximately 730 Plan participants. *See* Exhibit 3, page 2, line 5; Exhibit 5, Deposition of Kenneth Hill, Jr. (28:22-29:2). According to testimony of Mr. Kenneth Hill, Jr., the CEO, the total number of employees at this time, while fluctuating, consisted of between 400 and 500 employees during 2011. *See* Exhibit 5, Deposition of Kenneth Hill, Jr., (27:2-8). Plaintiffs and the proposed class consist of former employees and retirees who would have been eligible to receive retirement benefits but for Defendants' wrongful conduct. As the putative class numbers or exceeds 700 individuals, Plaintiffs have satisfied the numerosity requirement.

Federal courts within the Fifth Circuit have also held that where the defendant cannot provide the information to determine the exact number of class members, the inability to so establish by both parties "illustrates the impracticability of joinder." *Boos v. AT&T, Inc.*, 252 F.R.D. 319, 322 (W.D. Tex. 2008). As Defendants were not able to provide an exact number of employees at the ending date for HBCC, but stated that they have no reason to dispute the final figure of Plan participants as 730 as indicated in the last IRS Form 5500, Plaintiffs assert that this fact illustrates the impracticability of joinder for numerosity purposes.

### *Plaintiffs' Claims Are Typical of the Claims of the Other Members of the Class*

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class…" *See* Fed. R. Civ. P. 23(a)(3).

As stated by the Fifth Circuit:

> The test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent. Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.

*Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002); *See also In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).

If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality. *M.D. ex rel. Stukenberg v. Perry, supra.*, 675 F.3d 832, 839-840 (5th Cir. 2012).

Plaintiffs' claims are typical of the claims of the other members of the Class, and have the same essential characteristics of the claims of the Class. Plaintiffs and all members of the Class sustained injury arising out of Defendants' negligent conduct – namely their ESOP accounts declined in value and ultimately were valueless with no notice given to them by the fiduciaries prior to the collapse. *See* Exhibit 1; Exhibits 20 – 31, Plaintiffs' Affidavits; Exhibit 5, Deposition of Kenneth Hill, Jr., (15:21-16:12); Deposition of Jane H. Childs, (17:14-18:10); Exhibit 7, Deposition of Danny McAllister, (11:1-7); and Exhibit 8, Deposition of Sterling Aker, (14:2-8). All former ESOP participants no longer have any financial interest in the ESOP which was effectively rendered valueless by the dissolution of the Company. *Id.*

Similarly, Plaintiffs and all members of the putative class were not informed of the decline of the financial health of Hill Brothers, and as such, the declining value of the

8

ESOP, in a manner and within a time frame which allowed Plaintiffs and the Class members to protect their financial interest in said ESOP prior to the letter of June 2013. *Id.* All of the Plaintiffs' and Class members' ESOPs were governed by the same Plan documents. *See* Exhibit 8, Deposition of Sterling Aker, (10:3-5); Exhibit 7, Deposition of Danny McAllister, (9:11-13); and Exhibit 9, Deposition of Jane H. Childs, (14:6-10). Also there were no different classes of stock shares and the share price was the same for all putative class members. *Id.*

Courts within the Fifth Circuit have held that the key concern to the typicality inquiry is whether "…unique defenses against a named plaintiff threaten to become the focus of the litigation," and that the key to the typicality inquiry is "whether a class representative would be required to devote considerable time to rebut the Defendants' claim." *In re Feder v. Elec. Data Sys. Corp., 429 F.3d 125, 137-138* (5th Cir. 2005)

Defendants have failed to establish any unique defenses to any of the named Plaintiffs' claims. In response to Plaintiffs' First Interrogatories to All Defendants, Defendants unilaterally and uniformly represented in their sworn responses that there were no arguments which they could advance to challenge Plaintiffs' assertions that their claims are typical of those of the putative class. *See* Exhibit 10, Interrogatory answers of Clyde Robertson; Exhibit 11, Interrogatory answers of Kenneth Hill, Sr.; Exhibit 12, Interrogatory answers of John F. Hill and Gerald C. Hill; and Exhibit 13, Interrogatory answers of the Trustees. In each of the Defendants' depositions, the deponents were asked specifically if they knew of any facts which would be unique to one or more plan participants as opposed to the plan members as a whole, and in all cases, the response was negative for all deponents. *See* Exhibit 5, Deposition of Kenneth Hill, Jr., (31:22-

25); Exhibit 6, Deposition of Clyde Robertson, (16:4-8); Exhibit 7, Deposition of Danny McAllister, (19:11-18); Exhibit 8, Deposition of Sterling Aker, (19:2-6); and Exhibit 9, Deposition of Jane H. Childs, (25:22-26:9).

In sum, the named Plaintiffs meet the typicality requirement as indicated in detail hereinabove, and there are no unique defenses which could be logically and/or reasonably asserted against any of the named Plaintiffs in this matter.

### *Common Questions of Law and Fact Exist as to All Members of the Class*

Rule 23(a) is satisfied if there are "questions of law or fact common to the class." *See* Fed. R. Civ. P. 23(a).

Under Rule 23(a), plaintiffs must demonstrate that "there are questions of law or fact common to the class" and "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(2)-(3). Both typicality and commonality "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

Commonality requires plaintiffs "to demonstrate that the class members 'have suffered the same injury.'" *Falcon, supra.*, 457 U.S. at 156; *see also Stukenberg v. Perry*, supra., at 840. "That common contention, moreover, must be of such a nature that it is capable of class-wide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

"Rule 23(a)(2)'s commonality requirement demands more than the presentation of questions that are common to the class because 'any competently crafted class complaint literally raises common questions.'" *Id.* "[T]he members of a proposed class do not establish that 'their claims can productively be litigated at once,' merely by alleging a violation of the same legal provision by the same defendant . . . ." *Id.* "Thus, the commonality test is no longer met when the proposed class merely establishes that there is at least one issue whose resolution will affect all or a significant number of the putative class members." *Id.* (emphasis, citation, and internal quotation marks omitted). "Rather, Rule 23(a)(2) requires that all of the class member's claims depend on a common issue of law or fact whose resolution will resolve an issue that is central to the validity of each one of the class member's claims in one stroke." *Id.* (alteration, emphasis, citation, and internal quotation marks omitted.)

In the instant action, the legal and factual questions which are and shall be advanced by Plaintiffs and Defendants, and which are central to resolving issues which are central to each and every one of the class member's claims in one stroke, to-wit: (a) were or are all of the named Defendants fiduciaries of the Plan; (b) have each or any of the Defendants named herein breached their fiduciary duties as it relates to the operations of Hill Brothers and/or failing to communicate the true financial position of Hill Brothers to the putative class members at the time said position was known; (c) the nature of the injury and whether Plaintiffs were injured by the wrongful acts alleged in Plaintiffs' Complaint; (f) whether the putative class members, as a result of the same conduct by the same Defendants, are entitled to damages and injunctive relief.

In addition, all putative class members must prove the same set of central underlying facts and must seek the same legal determinations, *i.e.*, that the Defendants breached their fiduciary duties with respect to the ESOP by failing to follow Plan documents, ensuring that the Plan assets were adequately protected, negligently and/or wantonly managed the affairs of Hill Brothers leading to its ultimate collapse, failing to communicate and inform the putative Class of the financial posture of Hill Brothers in a timely manner, failing to adequately monitor the conduct of co-fiduciaries, and/or that the Defendants breached their fiduciary duties to the Plan and participants by breach of corporate opportunity, all as alleged in the Plaintiffs' Complaint.

All of the claims in this matter contain a common contention, and a common allegation of wrongful conduct – all imposed upon putative class members by the same Defendants. Defendants' wrongful conduct toward Plaintiffs and the class members were uniform – Defendants informed all class members of the collapse of HBCC in June 2013 in the same manner. *See* Exhibits 20 – 31, Plaintiffs' Affidavits; Exhibit 5 Deposition of Kenneth Hill Jr., (15:21-16:14); Exhibit 7, Deposition of Danny McAllister, (10:23-11:7); Exhibit 8, Deposition of Sterling Aker, (14:2-8); and Exhibit 9, Deposition of Jane H. Childs, (31:18-32:10). The balance of the ESOP accounts of all Plaintiffs became zero upon the collapse of Hill Brothers.

The putative class also received various communications from the directors and officers of the Company, none of which informed them of the impending collapse or financial difficulties of the Company. These included newsletters placed in paychecks every other month. *See* Exhibit 14, Exhibits 20 – 31, Plaintiffs' Affidavits and Exhibit 5, Deposition of Kenneth Hill Jr., (19:12-14). In addition, during the yearly meetings, the

last of which occurred in December 2012, the Defendants failed to provide notice of an impending shutdown. *See,* Exhibits 21, 24, 25-29 Plaintiffs' Affidavits; Exhibit 5, Deposition of Kenneth Hill Jr., (12:18-13:9); Exhibit 7, Deposition of Danny McAllister, (9:21-10:6); Exhibit 8, Deposition of Sterling Aker (13:2-8); and Exhibit 9, Deposition of Jane H. Childs, (15:17-20).

Furthermore, the putative class was collectively harmed by the theft of corporate opportunity of the Defendants. The Defendants' use of unnecessary equipment leased from HBLC, and the diversion of business to Xcavators, constituted corporate theft of opportunity, and are common questions of fact that resulted in the Plan participants' stock value being severely diminished, and ultimately reduced to zero. *See* Exhibits 21-30, Plaintiffs' Affidavits.

All of the central and key legal and factual determinations which must be determined and adjudicated are common to all members of the putative class.

### *Plaintiffs Will Fairly and Adequately Represent the Class*

The proposed representatives will fairly and adequately represent the class as required by Rule 23(a)(4). In order to satisfy this requirement, Plaintiffs must show that (1) the class representatives share common interests with the class members; and (2) Plaintiffs' counsel must be qualified to vigorously pursue the interests of the class. *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973).

In examining whether class representatives share common interests with the proposed class members, the Fifth Circuit has held that as long as the proposed representatives have a sufficient stake in the outcome of the litigation and are united in

asserting a common right, then the class members' interests are aligned. *Johnson v. Opelousas,* 658 F.2d 1065, 1069 (5th Cir. 1981).

Turning next to the adequacy of representation requirement, the Fifth Circuit has held that it "mandates an inquiry into the zeal and competence of the representatives' counsel and into the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of the absentees." *Horton v. Goose Creek Ind. Sch. Dist.,* 690 F.2d 470, 484 - 485 (5th Cir. 1982), *cert. denied,* 463 U.S. 1207 (1983).

Plaintiffs are and have remained apprised of all aspects of the litigation, are in proper health, and assist counsel in prosecuting this litigation. *See* Exhibits 20 – 31, Plaintiffs' Affidavits. Defendants have been unable to identify any conflicts or limitations which would compromise Plaintiffs' ability to fairly and adequately represent the Class. *See* Exhibit 5, Deposition of Kenneth Hill, Jr., (32:10-33:16); Exhibit 6, Deposition of Clyde Robertson, (16:9-15); Exhibit 7, Deposition of Danny McAllister, (19:19-25); Exhibit 8, Deposition of Sterling Aker, (19:7-20:14); and Exhibit 9, Deposition of Jane H. Childs, (26:10-27:4).

Plaintiffs' counsel are familiar with and have experience in litigating virtually identical claims. As noted in counsels' affidavits attached hereto in Exhibits 16 – 19, counsel, representing four separate law firms, have been appointed class counsel in numerous actions, including ERISA class action claims, and have successfully engaged in litigation for more than seventy (70) years collectively. As such, the class is adequately represented by counsel, and the proposed representatives will zealously pursue the claims of and adequately represent the class with whom they share a common interest. None of

the Defendants have articulated any reason why any of the Plaintiffs' counsel should not be allowed to serve as class counsel. *See* Exhibit 5, Deposition of Kenneth Hill, Jr., (33:17-25); Exhibit 6, Deposition of Clyde Robertson, (16:20-24); Exhibit 7, Deposition of Danny McAllister, (20:1-6); Exhibit 8, Deposition of Sterling Aker, (20:15-20); and Exhibit 9, Deposition of Jane H. Childs, (27:5-13).

Plaintiffs will fairly and adequately represent and protect the interests of the putative Class. Plaintiffs have retained able counsel with extensive experience in class action litigation. The interests of Plaintiffs are coincidental with and not antagonistic to the interests of the other Class members. As such, Plaintiffs satisfy the fair and adequate representation criteria.

### 2. The Prerequisites of Rule 23(b)(1) and 23(b)(3) are Satisfied

While the proposed class may be certified under either Rule 23(b)(l) or 23(b)(3), the Court should certify the Class under Rule 23(b)(l). 1 Herbert B. Newberg, Newberg on Class Actions § 4.20, at 3 IO (2d ed. 1985) ("actions that qualify for class certification under subdivision (b)(1) or (b)(2) should not normally be certified under subdivision (b)(3)").

Rule 23(b)(1) states that certification is appropriate when:

> the prosecution of separate actions by or against individual members of the class would create a risk of: (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual members of the class which would as a practice matter be dispositive of the interests of the other members not party to the adjudications or substantially impair or impeded their ability to protect their interests.

The Defendants all recognized that the Plan participants are scattered across several states and several different U.S. District Court jurisdictions. *See* Exhibit 5,

Deposition of Kenneth Hill, Jr., (34:1-23); Exhibit 6, Deposition of Clyde Robertson, (16:26-17:18); Exhibit 7, Deposition of Danny McAllister, (20:7-14); Exhibit 8, Deposition of Sterling Aker, (20:21-21:5); and Exhibit 9, Deposition of Jane H. Childs, (27:14 - 22). If separate suits where brought against these Defendants in different courts regarding the same matters addressed in Plaintiffs' Complaint, there is a risk that different courts would make different findings. *Stoffels*, 238 F.R.D., at 457. This result would have the effect of creating inconsistent standards of conduct for Defendants, as they would be required to provide ESOP benefits to some participants but not to others–all individuals who would arguably be subject to recovery for wrongful conduct under applicable insurance policies. If separate juries were allowed to evaluate the liability of each Defendant named herein, the legal and factual determinations could be inconsistent, and the Fifth Circuit considers this an impermissible outcome. *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 320 (5th Cir. 1978).

This matter is also properly certified under Rule 23(b)(3) which requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

In inquiring into predominance Rule 23(b)(3) tests "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294 (5th Cir. 2003). The advisory comments to Rule 23 provide that "[i]n situations to which this subdivision [Rule 23(b)(3)] relates, class-action treatment is not as clearly called for as in those described above, it *may* nevertheless be

convenient and desirable depending upon the particular facts." Determining whether plaintiffs can clear the predominance hurdle set by Rule 23(b)(3) also requires consideration of "how trial on the merits would be conducted if a class were certified. *Canstano v. Am. Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996). This, in turn, "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class," a process that ultimately "prevents the class from degenerating into a series of individual trials." *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003).

The superiority analysis, which is central to a Rule 23(b)(3) analysis, "requires an understanding of the relevant claims, defenses, facts and substantive law presented in the case." *Maldonado v. Oshaner Clinic Found.*, 493 F.3d 521 (5th Cir. 2007). The inquiry also concerns whether Plaintiffs could resolve the dispute on a class wide basis. *Id.*, at 525-526.

If this matter were to be resolved on a class wide basis, Plaintiffs anticipate that all of the Plan participants could receive a pro rata share of the award or settlement based on the number of shares owned. Alternatively the Class could be awarded a per share dollar amount, e.g., $20/share, with the same result. As such, meaningful relief could be afforded without an individualized and involved damages analysis.

Finally, none of the Defendants could articulate any specific reasons why this class should not be certified. *See* Exhibit 5, Deposition of Kenneth Hill, Jr., (34:24 - 35:2); Exhibit 6, Deposition of Clyde Robertson, (17:19-21); Exhibit 7, Deposition of Danny McAllister, (20:23-21:1); Exhibit 8, Deposition of Sterling Aker, (21:17-19); and Exhibit 9, Deposition of Jane H. Childs, (28:6-8).

## IV. CONCLUSION

**WHEREFORE**, premises considered, Plaintiffs respectfully submit that this matter is clearly one in which class certification should be granted and request that the named Plaintiffs be allowed to serve as class representatives, particularly: Robert K. Hill, Donald Byther, Sandy Byther, Keith Clark, Samuel Copeland, B.T. Erve, Percy Evans, George Flakes, Scott Goolsby, Sheila Kelly, and Paul Warfloyd Winters. The class members should consist of all participants and beneficiaries of the Hill Brothers Construction Company, Inc. Employee Stock Ownership Plan and 401(k) Plan, as of June 18, 2013. Furthermore, Mr. Ed Gentle, Mr. Matthew Y. Harris, Mrs. Diandra Debrosse-Zimmermann, Mr. Sterling DeRamus, and Mr. L.N. Chandler Rogers should be appointed as class counsel.

RESPECTFULLY SUBMITTED, this the 28th day of October, 2015.

**ROBERT K. HILL; DONALD BYTHER; SANDY BYTHER; KEITH CLARK; SAMUEL COPELAND; B.T. ERVE; PERCY EVANS; GEORGE FLAKES; SCOTT GOOLSBY; SHEILA KELLY; PAUL LEONARD; FRED SMITH; DEWAYNE TOLLIVER; ULYSSES WILEY; and WARFLOYD WINTERS**

BY: /s/Matthew Y. Harris
   MATTHEW Y. HARRIS
   MS STATE BAR NO. 99595

   EDGAR C. GENTLE, III
   AL STATE BAR NO. ASB-0349-E68E
   *ADMITTED PRO HAC VICE*

   DIANDRA DEBROSSE-ZIMMERMANN
   AL STATE BAR NO. ASB-2956-N76D
   *ADMITTED PRO HAC VICE*

STERLING L. DERAMUS
AL STATE BAR NO. ASB-6781-R60S
*ADMITTED PRO HAC VICE*

L.N. CHANDLER ROGERS
MS STATE BAR NO. 102543

*ATTORNEYS FOR PLAINTIFFS*

**OF COUNSEL:**
**THE LAW OFFICES OF MATTHEW Y. HARRIS, PLLC**
Post Office Box 120
New Albany, Mississippi 38652
(662) 539-7381 (voice)
(662) 539-7012 (facsimile)
mharris@myharrislaw.com

**GENTLE, TURNER, SEXTON, AND HARBISON, LLC.**
Suite 100-501 Riverchase Parkway East
Hoover, Alabama 35244
(205) 716-3000 (voice)
(205) 716-3010 (facsimile)
escrowagen@aol.com

**DIANDRA S. DEBROSSE-ZIMMERMANN**
**ZARZAUR MUJUMDAR & DEBROSSE – Trial Lawyers**
2332 2nd Avenue North
Birmingham, Alabama 35203
(205) 983-7985 (voice)
(888) 505-0523 (facsimile)
fuli@zarzaur.com

**STERLING L. DeRAMUS**
2229 1st Ave. North
Birmingham, Alabama 35203
(205) 504-0189 (voice)
(205) 449-7392 (facsimile)
sderamus@deramuslaw.com

**ROGERS LAW GROUP, P.A.**
201 East Bankhead St.
New Albany, Mississippi 38652
(662) 538-5990 (voice)
(662) 538-5997 (facsimile)
chandler@rogerslawgroup.com
rlg@rogerslawgroup.com

## CERTIFICATE OF SERVICE

      I, Matthew Y. Harris, one of the attorneys for the Plaintiffs in this Cause, do hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing *Amended Brief in Support of Plaintiffs' Motion for Class Certification* with the Clerk of this Court using the Court's ECF system which automatically notifies the following attorneys of record:

    Hon. Kenneth Coghlan

    kcoghlan@rayburnlaw.com, ggarrett@rayburnlaw.com

    **Attorney for Sterling Aker, Donald Bates, Jane Childs, David Horton, Doug Horton, Beth Lockhart, Danny McAlister, Mark Robertson, and The Hill Brothers Construction Company Stock Ownership and 401(k) Plan and Trust Administrative Committee**

    Hon. John Hill

    jhill@mitchellmcnutt.com, lmcmillen@mitchellmcnutt.com

    Hon. Guy Mitchell, III

    gmitchell@mitchellmcnutt.com, elambert@mitchellmcnutt.com

    **Attorneys for Clyde R. Robertson**

    Hon. Ralph Chapman

    clslaw@chapman-lewis-swan.com, ralph@chapman-lewis-swan.com

    Hon. William B. Raiford, III

    will@chapman-lewis-swan.com

    **Attorneys for Kenneth W. Hill**

    Hon. John B. Farese

    jbooth@fareselaw.com, kwilburn@fareselaw.com, melissa@fareselaw.com

    **Attorney for Kenneth Hill, Jr.**

    Hon. H. Scot Spragins

    sspragins@hickmanlaw.com, ltucker@hickmanlaw.com, mwheeler@hickmanlaw.com, vburns@hickmanlaw.com

    **Attorney for Gerald C. Hill and John Hill**

This the 28th day of October, 2015.

                                                /s/ Matthew Y. Harris

                                                **MATTHEW Y. HARRIS**