IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT K. HILL, DONALD BLYTHER,
SANDY BLYTHER, KEITH CLARK, SAMUEL
COPELAND, B.T. ERVE, PERCY EVANS, GEORGE
FLAKES, SCOTT GOOLSBY, SHEILA KELLY,
PAUL LEONARD, FRED SMITH, DEWAYNE TOLLIER,
ULYSSES WILEY, and WARFLOYD WINTERS,
Individually and on behalf of themselves, and
on Behalf of a Class of Persons Similarly Situated                    PLAINTIFFS

V.                                                        CAUSE NO.: 3:14CV213-SA-SAA

HILL BROTHERS CONSTRUCTION COMPANY, INC.,
HBC BOARD OF DIRECTORS, KENNETH W. HILL,
KENNETH W. HILL, JR., GERALD C. HILL, JIMMY HILL,
JOHN F. HILL, JR., STERLING AKER, DANNY MCALISTER,
CLYDE R. ROBERTSON, DONALD BATES, JANE H. CHILDS,
BETH LOCKHART, MARK ROBERTSON, DOUG HORTON,
DAVID HORTON, and THE HILL BROTHERS CONSTRUCTION
COMPANY, INC. EMPLOYEE STOCK OWNERSHIP AND 401(K)
PLAN AND TRUST PLAN ADMINISTRATIVE COMMITTEE                    DEFENDANTS

ORDER ON MOTION FOR RECONSIDERATION

By Order and Memorandum Opinion dated March 28, 2016, the Court granted Clyde R.

Robertson's Partial Motion To Dismiss [98], and granted in part and denied in part Kenneth W.

Hill, Jr.'s Motion to Dismiss. Based on the United States Supreme Court's proclamation in *Fifth*

*Third Bancorp v. Dudenhoeffer*, 573 U.S. ---, 134 S. Ct. 2459, 189 L. Ed. 2d 457 (2014),

requiring plaintiffs asserting breach of fiduciary duty of prudence claims in ESOP cases to

plausibly allege an alternative action that the Defendants could have taken consistent with

securities laws and that a prudent fiduciary in the same circumstances would not have viewed as

more likely to harm the fund than help it, this Court held that standard to be applicable whether

the corporation was privately held or publicly traded.  Because Plaintiffs failed to plead any

alternative action the fiduciary Defendants could have taken, Counts I and II were dismissed.

Additionally in that Order, the Court found that even if the *Fifth Third* considerations were not appropriate in this context, Plaintiffs failed to meet the *Iqbal* and *Twombly* pleading standards as Plaintiffs failed to plead any facts regarding how the fiduciary's alleged breach caused the loss to the Plan or how the Plan or participants were harmed because of that alleged imprudence.

Plaintiffs have now filed a Motion for Reconsideration [204] on the basis of newly discovered authority and mistake. Alternatively, Plaintiffs seek leave to amend their Third Amended Complaint.

*Motion for Reconsideration Standard*

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. Plaintiffs contend their motion is filed under Rule 60; however, if the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Plaintiffs' Motion for Reconsideration [205] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [180, 181] of March 28, 2016, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem. Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the

entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). Indeed, it is "an extraordinary remedy that should be used sparingly." *Id*. Moreover, before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

*Discussion and Analysis*

Plaintiffs contend that newly discovered authority requires the Court to reconsider of its analysis of the *Fifth Third* and *Amgen* fiduciary duty pleading requirements. In particular, Plaintiffs attach an Amicus Curiae brief filed by the Department of Labor in a Seventh Circuit case filed over a month prior to the Court's Order and Memorandum Opinion on this issue.

Plaintiffs have provided no reason that the Amicus Curiae brief could not have been supplemented during the initial briefing stage. The Department of Labor's brief was filed publicly on February 16, 2016; the Order and Memorandum Opinion was not filed until March 28. *See Lovell v. Hamp,* 228 F. Supp. 2d 773, 775 (N.D. Miss. 2001) (evidence that was "previously available" not construed as "new evidence" such that the Court should alter or amend the judgment). Aside from the timeliness of the presentation, there is also the fact that such an amicus curiae brief in a case on appeal to a sister Circuit is non-binding authority. Plaintiffs attempt to use this Department of Labor brief to rehash its arguments made or arguments that could have been made during briefing on the original motions to dismiss. *Templet*, 367 F.3d at 478. Accordingly, the Court will not consider the additional exhibits attached to the Motion to Reconsider.

Plaintiff additionally asserts that the Court made a mistake by finding that Counts I and II did not survive the plausibility pleading standard set forth in *Iqbal* and *Twombly*. In particular, Plaintiffs contend they sufficiently pled a causal connection between the breach of the duty of prudence and the losses that occurred. The Court has already considered these arguments; thus, they are not appropriate for reconsideration under Rule 59. *Nationalist Movement*, 321 F. App'x at 364; *Atkins*, 130 F.R.D. at 626.

In the alternative, Plaintiffs ask to amend their complaint to comply with the standards enunciated in *Fifth Third* and state a causal connection in Counts I and II. Based on the procedural history of this case, the Court denies this request. Even if the Court allowed the Plaintiffs to amend, however, the Court finds such amendment would be futile. *See Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (noting that the district court in its discretion may grant or deny a motion to amend by considering a variety of factors including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment'") (citing *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)); *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003) (finding an amendment would be futile if it would fail to survive a Rule 12(b)(6) motion).

Plaintiffs filed this case on September 29, 2014 [1]. Shortly thereafter, in December of the same year, they filed an Amended Complaint [5]. A motion to amend was filed in February of 2015, and the Plaintiffs were allowed to file their Second Amended Complaint [27] . In July of 2015, Plaintiffs again sought relief from the Court to file a Third Amended Complaint, which the Court granted and admonished that they would not be allowed "any further amendments to the Complaint without specific proof of good cause to support such an amendment."

Thus, this case has been pending for almost two years already. Significant discovery has already taken place, including depositions that would potentially have to be retaken if the Court allows another amended complaint to be filed. Four versions of Plaintiffs' claims have already been filed on the docket. Further, the Court has found on two separate grounds that Plaintiffs have failed to state a claim upon which relief can be granted. *Briggs*, 331 F.3d at 508. Accordingly, Plaintiffs request to amend their complaint for the fourth time is denied.

*Conclusion*

Pursuant to the direction of the Federal Rules of Civil Procedure, Plaintiffs have failed to put forth any case law or mistake that requires reconsideration by the Court. The Motion for Reconsideration [204] is DENIED.

SO ORDERED, this the 2nd day of August, 2016.

**  /s/ Sharion Aycock          **
**U.S. DISTRICT JUDGE**