IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **R.K. HILL, et al.,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**HILL BROTHERS CONSTRUCTION** )<br>**COMPANY, INC., et al.,** )<br>)<br>Defendants. ) | Civil Action No.: 3:14-cv-00213-SA-RP |

## ORDER ON PLAINTIFFS' UNOPPOSED PRELIMINARY MOTION FOR APPROVLA OF CLASS ACTION SETTLEMENT AND PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

Plaintiffs Robert K. Hill, Donald Byther, Sandy Byther, Keith Clark, Samuel Copeland, B.T. Erve, Percy Evans, George Flakes, Scott Goolsby, Sheila Kelly, Paul Leonard, Fred Smith, Dewayne Toliver, Ulysses Wiley, and Warlfoyd Winters (hereinafter "Plaintiffs") filed their Unopposed Motion for Approval of Class Actions Settlement and Preliminary Certification of the Settlement Class on March 23, 2017 (hereinafter "Motion"). A hearing was held before this Honorable Court on May 3, 2017, and Counsel for defendants Hill Brothers Construction Company, Inc., HBC Board of Directors, Kenneth W. Hill, Kenneth W. Hill, Jr., Gerald C. Hill, Jimmy Hill, John F. Hill, Jr., Sterling Aker, Danny McAllister, Clyde R Robertson, Donald Bates, Jane H. Childs, Beth Lockhart, Mark Robertson, Doug Horton, David Horton, and the Hill Brothers Construction Company, Inc. Employee Stock Ownership and 401(K) Plan and Trust Plan Administrative Committee were present.

The capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement which is attached as Appendix A to Plaintiff's Motion for Preliminary

Approval (the "Settlement Agreement"). Having considered Plaintiffs' motion, brief and supporting documents, the signed Settlement Agreement and all other evidence submitted concerning Plaintiffs' motion, and being duly advised in the premises, this Court hereby finds that:

    (a) The settlement proposed in the Settlement Agreement ("the Settlement") has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

    (b) The class notice, as described in the Settlement Agreement, Plaintiffs' brief, and as described during the preliminary hearing, fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.

    (c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

    (d) This Court finds that the class notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

    **IT IS THEREFORE ORDERED THAT:**

1. For the reasons stated on the record, and in Plaintiffs' Motion, the settlement

proposed in the Settlement Agreement has been negotiated in good faith at arm's length, and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All participants, beneficiaries, and alternate payees of the ESOP reflected on the records of the ESOP as of August 15, 2013.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class is ascertainable, so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative (as defined below) are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court preliminarily appoints Plaintiffs Robert K. Hill, Donald Byther, Sandy Byther, Keith Clark, Samuel Copeland, B.T. Erve, Percy Evans, George Flakes, Scott Goolsby, Sheila Kelly, Paul Leonard, Fred Smith, Dewayne Toliver, Ulysses Wiley, and Warfloyd Winters as class representatives of the Settlement Class ("Class Representative"), and finds that they meet the requirements of Fed. R. Civ. P. 23.

4. The Court preliminarily appoints the following lawyers as Settlement Class Counsel

and finds that they meet the requirements of Fed. R. Civ. P. 23: Matthew Y. Harris of Harris Law, PLLC, New Albany, MS; Diandra S. Debrosse Zimmermann, of Zarzaur Mujumdar & Debrosse, Birmingham, Alabama; Edgar C. Gentle of Gentle Turner Sexton & Harbison, LLC, Hoover, AL; L. Chandler Rogers of the Rogers Law Group, P.A. New Albany, MS, and Sterling DeRamus of Birmingham, AL.

5. If the Settlement Agreement is terminated pursuant to its terms prior to the Effective Date, then all other provisions of the Settlement Agreement shall be deemed null and void *ab initio* and without force or effect. In such event, the Settlement Agreement shall not be offered in evidence or used in this or any other lawsuit for any purpose, including the existence, suitability for certification, or maintenance of any purported class. In such event, the Settlement Agreement and all negotiations, statements, proceedings, and documents prepared in connection therewith or in connection with this motion (including all legal briefs and exhibits thereto) shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law and shall not be offered by anyone adverse to any of the Defendants for any purpose whatsoever in any Suit. In the event of such termination, all Parties to this Action shall stand in the same position as if the Settlement Agreement had not been negotiated, signed, or filed with the Court.

6. Defense Counsel is to work with Plaintiffs' Counsel to comply with the terms of the Settlement Agreement as they pertain to notice, and to develop a list of Class Members (hereinafter "Notice List") for notice purposes within thirty (30) days of this notice.

7. Class Counsel shall give notice to the Settlement Class of the Settlement, its terms, the right to opt out, the right to appear, and the right to object to the settlement as set forth in Exhibits 3 and 4 of Plaintiffs' Brief in support of their Motion. The Settlement Agreement's plan

for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted and Settlement Class Counsel is order to ensure notice is issued to the Settlement Class as set forth in the Settlement Agreement.

    8. The form of notice that the Class Counsel will provide is attached as Exhibit 3 and 4 of Plaintiffs' Brief in support of their Motion. By **June 8, 2017**, Plaintiffs' Counsel is ordered to send the notice substantially in the form hereinabove, as approved by the Court. Within twenty-one (21) days of the date that notice was first sent by mail, Class Counsel shall send the Class Notice and Claim Form by mail and/or electronic mail to each Class Member identified on the Class Notice who did not submit a Claim Form or otherwise respond to the Class Notice by that date ("Supplemental Notice"). Class Counsel shall create a website which allows for the electronic submission of opt-outs and exclusions. The website, created by Class Counsel, shall also post Exhibit 3 and 4 of Plaintiffs' Brief in support of their Motion, this Order, the Settlement Agreement (excluding exhibits), and Plaintiffs' Counsel's Petition for Attorney's Fees. This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23 (c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this Litigation. The Court finds that no other notice is necessary. Plaintiffs' Counsel shall provide the Class Notice and/or the Claim Form to Settlement Class Members who request it.

    9. To effectuate the settlement, the Court established the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

**(a)** Objections of Settlement Class Members or any appearance of an attorney on behalf of a Settlement Class Member shall be filed in this Court and served by mail postmarked to Plaintiffs' Counsel and Defendants' Counsel on or before **July 26, 2017**, or shall be forever barred. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity) and address, (b) your phone number; (c) a statement of the objection to the Settlement Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) whether you intend to appear at the hearing that will be held on **August 15, 2017.**

**(b)** All memoranda filed by any Settlement Class Member in connection with objections must be filed in this Court and served on Settlement Class Counsel and Defendants' Counsel by mail postmarked on or before **July 26, 2017**, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Settlement Class Member's name, address, and the fax number at which it was sent any fax from Defendants; and (b) a statement to the effect that the Settlement Class Member does not want to participate in the settlement.

10. Class Counsel shall file an affidavit attesting to the fact that notice was issued in accordance with the Settlement Agreement by **July 26, 2017**.

11. Within three (3) days after expiration of the deadline for Class Members to request exclusion from the Settlement Class, Plaintiff's Counsel or the Settlement Administrator shall file with the Court and serve on Defendants' Counsel the Opt-Out List.

12. Defendants' Counsel shall file proof of compliance with the notice requirements of

the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), no later than **July 26, 2017.**

13. The final hearing to determine whether the settlement is fair, reasonable, and adequate and whether it should be finally approved by the Court, will be conducted on **August 15, 2017** at **1:00 PM at the** United States District Court for the Northern District of Mississippi, Thomas G. Abernathy Federal Building, United States Courthouse, 301 West Commerce St, Aberdeen, MS 39730.

14. All papers in support of final approval of the class action settlement discussed herein shall be filed no later than **August 1, 2017**.

15. Plaintiff's Counsel shall file an attorneys' fee petition on or before **July 11, 2017**.

16. Each of the Defendants will have the option to terminate this Settlement, in its sole and absolute discretion, if the number of requests for exclusion from the Settlement exceeds 5% of the Persons on the Notice List, as set forth in the Settlement Agreement.

17. Pending the Final Judgment and Order, neither Plaintiffs nor any Class Member shall directly, representatively, or in any other capacity, commence or prosecute any action or proceeding in any court or tribunal asserting any Released Claims against any Released Parties unless such person has opted out of the Action according to terms of the Settlement or this Court's order.

18. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

ENTER:

Dated: May 9, 2017    /s/ Sharion Aycock
                                            United States District Judge