IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT K. HILL, et al.                                                                                   PLAINTIFFS

V.                                                              CIVIL ACTION NO.: 3:14-CV-213-SA-RP

HILL BROTHERS CONSTRUCTION
COMPANY, INC., et al.                                                                                  DEFENDANTS

MEMORANDUM OPINION

This matter arises on Plaintiffs' Motion for Attorneys' Fees, Expenses and Incentive Payments to Class Representatives [271]. Parties to this action reached a settlement on March 23, 2017, which the Court approved after ensuring party compliance with Federal Rule of Civil Procedure 23 and the Class Action Fairness Act. After substantial briefing on Counsels' request for an award of fees, the Court held a Fairness Hearing held on August 15, 2017 regarding final approval of the settlement, which included extensive oral argument on the issue of the fee award. The Court has carefully reviewed the record relating to the fee award issue, and finds as follows.

*Standard*

One exception to the American Rule that parties to a lawsuit generally pay their own expenses no matter which prevails—is the creation of a common fund for the benefit of a plaintiff class from which the court can award plaintiffs' attorneys' fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247–67, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). Under the common fund approach, the fee is taken from the common fund, diminishing the amount ultimately to be distributed to the plaintiff class members, i.e., "the plaintiff class pays its attorneys by sharing its recovery with them." *See, e.g., Skelton v. General Motors Corp.*, 860 F.2d 250, 251–53 (7th Cir. 1989).

The purpose of the "common fund doctrine," or "equitable fund doctrine," is "to avoid the unjust enrichment of those who benefit from the fund . . . who otherwise would bear none of the litigation costs." *Report of the Third Circuit Task Force: Court Awarded Attorney Fees*,[1] 108 F.R.D. 237, 250 (1986) ("based on the equitable notion that those who have benefited from the litigation should share its costs."). *See also Trustees v. Greenough*, 105 U.S. 527, 26 L. Ed. 1157 (1881) (in accord with traditional practice in courts of equity, a litigant or an attorney who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478–79, 100 S. Ct. 745, 62 L.Ed.2d 676 (1980) (same); *Skelton*, 860 F.2d at 252 (the common fund doctrine is based on the idea that not one plaintiff, but all "those who have benefited from litigation should share its costs").

In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. Federal Rule of Civil Procedure 23(e)(2) requires that the district court, when asked to approve a proposed settlement that would bind class members, to hold a hearing and determine whether the settlement "is fair, reasonable and adequate." As part of its duty to independently review and approve class action settlement agreements under Federal Rule of Civil Procedure, the district court "must assess the reasonableness of the attorneys' fees" and ensure that they are "divided up fairly among plaintiffs' counsel." *Strong v. BellSouth Telecommunications, Inc.*, 137 F.3d 844, 849 (5th Cir. 1998); *In re High Sulfur Content Gasoline Products Liability Litigation*, 517 F.3d 220, 227–28 (5th Cir. 2008).

---

[1] In 1985, a task force appointed by the Third Circuit Court of Appeals under the direction of Harvard University Professor Arthur Miller issued an influential study that argued for use of the percentage fee method in common fund cases and pointed out deficiencies of the lodestar method. *Report of the Third Circuit Task Force: Court Awarded Attorney Fees* 108 F.R.D. 237, 246–59 (1986).

*Analysis*

The two traditional methods employed by courts for determining an attorneys' fees award in common fund class action cases are (1) the percentage of the settlement fund (or contingent fee) method and/or (2) the lodestar method (multiplying the number of hours reasonably expended by a reasonable hourly rate and then analyzing whether an enhancement or reduction is required based on the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). *Strong*, 137 F.3d at 850; *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990). The United States Supreme Court has held that the application of the percentage method is proper for determination of a reasonable fee award in common fund cases. *Blum v. Stenson*, 465 U.S. 886, 900 n.16, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). Furthermore, in *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012), the Fifth Circuit "endorse[d] the district courts'. . . use of the percentage method" when calculating attorneys' fees in common fund class action cases, condoning district courts' practice of blending the *Johnson*[2] reasonableness factors to ensure fairness. *Id*. at 643.

Noting that many courts in this Circuit use this method when calculating attorneys' fees in common fund class action cases, Class Counsel requests that this Court award 33% of the common fund. *See Union Asset Mgmt. Holding A.G.*, 669 F.3d at 643; *see also Bethea v. Sprint Commc'ns Co.*, 2013 WL 228094, *3 (S.D. Miss. Jan. 18, 2013) ("adopt[ing] the percentage-of-the-fund

---

[2] The *Johnson* factors are intended to ensure "a reasonable fee." *Johnson*, 488 F.2d at 717-20, overruled on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). The twelve factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*. at 717–19.

approach" to calculate attorneys' fees in a common fund class action case). This court has substantial discretion in determining the appropriate fee percentage. However, awards commonly fall between a lower end of 20% and an upper end of 50%. *In re Catfish Antitrust Litig.*, 939 F. Supp. 493, 503 (N.D. Miss. 1996). In the interest of ensuring fairness, the Court cross checks this award with the *Johnson* factors as follows.

The Fifth Circuit has explained that of the *Johnson* factors, the court should "give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience reputation and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Von Clark*, 916 F.2d at 258 (5th Cir. 1990)). Prosecuting and settling the claims in the case at bar demanded considerable time, skill and labor. Class Counsel expended almost 2,000 documented hours in this case and vigorously prosecuted this matter for over three years. Counsel worked with experts, researched complex ERISA issues, reviewed extensive discovery, responded to and drafted various motions, and even drafted and issued class notice in an interest to compel efficiency and to control costs. Furthermore, the complexity of the issues in this case require a high degree of legal skill, as ERISA is a niche practice. Similarly, in establishing class certification, the commonality and typicality requirements remain ever challenging, and seeking class certification in this matter was and would continue to be challenging based on the criteria set forth in Federal Rule of Civil Procedure 23(a).

Further, Class Counsel attests that litigation of this matter required such dedication of time and effort that it was precluded from accepting other cases. As to the customary fee and whether the fee is fixed or contingent, the Court notes that the fee requested falls within the customary norm, which is between 20-50%. Though the Court does not enhance the lodestar based on the fact that the fee was contingent, it notes that Plaintiffs were on notice of the customary fees based on

4

their contingency agreement with Class Counsel. Public policy concerns such as ensuring the continued availability of experienced and capable counsel to represent classes of injured plaintiffs holding small individual claims—support the requested fee. It was uncontroverted that the time spent on the action was time that could not be spent on other matters, and thus this factor supports the requested fee, as well.

The United States Supreme Court and the Fifth Circuit have consistently held that the eighth factor, the amount involved and the results obtained, is "the most critical factor in determining the reasonableness of a fee award." *Farrar v. Hobby*, 506 U.S. 103, 114, 121 L. Ed. 2d 494, 113 S. Ct. 566 (1992). Though the Court dismissed Plaintiffs' first two claims, Class Counsel's efforts in this litigation and mediation resulted in the Class Settlement Agreement providing a substantial settlement fund of $850,000.00. Therefore, the results obtained indicate that the requested fee is reasonable.

Regarding the ninth through twelfth factors, according to Class Counsel's declarations, each attorney has substantial experience in prosecuting class actions and the Court notes that each attorney maintains an excellent reputation consistent with their skill and ability. Class Counsel describes its longstanding relationship with Plaintiffs as a neutral factor, but the length of the relationship in this matter is extensive. Though this case would not be described as undesirable, this matter has been pending before the Court for over three years. Finally, district courts within the Fifth Circuit typically award class counsel one-third of the common fund as an attorney fee. *See Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 307 (S.D. Miss. 2014)(where the Court awarded 33% of a $4,000,000.00 fund as attorneys' fees); *In re Shell Oil Refinery*, 155 F.R.D. 552, 575 (E.D. La. 1993) (awarding 1/3 in fees from a settlement fund of $170,000,000); *Kleinman v. Harris*, Civil Action No. 3:89–CV–1869–X (N.D. Tex. 1993) (collecting cases and approving fee

of approximately one-third of benefit achieved of $1,170,000). Thus, the final factor weighs in Class Counsel's favor as well. Therefore, the Court similarly finds Class Counsel's request for one-third of the attorneys' fees to be reasonable.

The Court has considered Settlement Class Counsel's application for attorneys' fees and is satisfied that the *Johnson* factors weigh in favor of awarding the requested amount. *Johnson*, 488 F.2d at 718. The Court awards Settlement Class Counsel the sum of $283,333.33 as an award of attorneys' fees to be paid from the Settlement Amount thirty (30) days after the "Effective Date," as defined by the Settlement Agreement (within thirty-five (35) days of final judgment), and finds this amount of fees is fair and reasonable. The Defendants are ordered to deduct this award of attorneys' fees from the Settlement Amount and pay said sum to the law firm of Zarzaur Mujumdar & Debrosse – Trial Lawyers.

*Costs and Incentive Awards*

Class Counsel seeks reimbursement of expenses spent prosecuting this case. No party has objected to the particular amount of the costs. After careful review of the itemized costs, and finding no reason to determine the costs unwarranted, the Court will award the full amount requested. Accordingly, the Court awards Settlement Class Counsel the sum of $42,828.37 as reimbursement of expenses to be paid from the Settlement Amount thirty (30) days after the "Effective Date," as defined by the Settlement Agreement (within thirty-five (35) days of final judgment). The Defendants are ordered to deduct this award of reimbursable expenses from the Settlement Amount and pay said sum to the law firm of Zarzaur Mujumdar & Debrosse – Trial Lawyers.

Furthermore, the Court grants Settlement Class counsel's request for an incentive award to the Class Representatives and awards $2,500.00 to each class representative, to include Robert K. Hill,

Donald Byther, Sandy Byther, Keith Clark, Samuel Copeland, B.T. Erve, Percy Evans, George Flakes, Scott Goolsby, Sheila Kelly, Paul Leonard, Fred Smith, Dewayne Toliver, Ulysses Wiley, and Warlfoyd Winters. The Court finds that this payment is justified by the Class Representatives' service to the Settlement Class. This payment shall be made from the Settlement Amount thirty (30) days after the "Effective Date," as defined by the Settlement Agreement. The Defendants are ordered to deduct this award of incentives to the Class Representatives from the Settlement Amount and pay said sum to the law firm of Zarzaur Mujumdar & Debrosse – Trial Lawyers.

Conclusion

In consideration of all of the *Johnson* factors, the Court finds that an adjustment of the benchmark rate need not be made. Many factors that might have more effect in a case where the lodestar approach was used are less important here, where the very nature of a percentage recovery encompasses many of the concerns that these factors address. As there are no objections to the requests made for the relief requested, and the Court finds the amounts fair and reasonable, the Class Counsel's requests for attorneys' fees, costs, and incentive awards are GRANTED.

SO ORDERED this the 3rd day of January 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE