IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT K. HILL, et al.                                                                          PLAINTIFFS

V.                                                                    CIVIL ACTION NO.: 3:14-CV-213-SA-RP

HILL BROTHERS CONSTRUCTION
COMPANY, INC, et al.                                                                            DEFENDANT

FINAL JUDGMENT AND ORDER
APPROVING THE CLASS SETTLEMENT

This matter arises on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class [275]. Having considered the Settlement Agreement, Plaintiffs' Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement and Certification of Settlement Class and all other evidence submitted, the Court finds as follows.

*Facts and Procedural History*

Plaintiffs originally filed a two-count complaint on September 29, 2014 for Plan-wide relief pursuant to Section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a), on behalf of a class consisting of all current and former participants in the ESOP Plan. In Plaintiffs' Count I, the Plaintiffs alleged that Defendants negligently breached their fiduciary duties to Plaintiffs by failing to manage prudently and loyally the Plan's investments in HBC's securities and by failing to provide complete and accurate records and information to Plan participants regarding the Company's financial condition and the prudence of investing in Company stock. In Count II, the Plaintiffs alleged that Defendants breached their fiduciary duties to Plaintiffs, the Plan, and the putative class, by failing to monitor adequately other persons to whom management/administration of Plan assets was delegated. On July 15, 2015, the Plaintiffs filed their Third Amended Complaint, adding Count III, and alleging that Defendants breached

their fiduciary duties to the Plaintiffs, the Plan, and the putative class, by theft of corporate opportunity - specifically with regard to the Defendants' relationships with Hill Brothers Leasing and Xcavators, Inc.

After extensive discovery and motion practice, the Parties mediated this matter. The Parties finalized an agreement, which culminated in the Memorandum of Settlement Agreement on August 8, 2016, followed by the execution of a Settlement Agreement on March 23, 2017.

On May 3, 2017, the Parties attended a hearing for preliminary approval of the proposed settlement and class certification. On May 9, 2017, this Court entered an order [269] granting preliminary approval (the "Preliminary Approval Order") of the settlement between the parties. The Court further approved the class notice.

Notice was then sent to all class members with additional mailings to members whose mail was returned. No objections were filed by any class member from the time Notice commenced to the date of this order, and only one individual class member chose to opt out. On July 26, 2017, counsel for the Class, Diandra S. Debrosse Zimmermann, filed an affidavit detailing Class counsel's efforts in locating and notifying all class members [274], in Exhibit 3.

Thereafter, Plaintiffs filed their unopposed Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class. On August 15, 2017, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons other than the Parties appeared in Court seeking to address the settlement pursuant to the Settlement Agreement. Therefore, the Court grants the Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class for the reasons that follow.

*Standard*

Regarding the class-action settlement approval, a district court has discretion to approve such a settlement under Rule 23(e) if the settlement is fair, adequate, and reasonable. *Ayers v. Thompson*, 358 F.3d 356, 368 (5th Cir. 2004) (citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). In assessing whether the settlement is reasonable, the Fifth Circuit has set forth six key points, or "*Reed* factors," which should be considered. These factors are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members." *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

As to the final certification of the class, Federal Rule of Civil Procedure 23 generally applies with full force even when certification is solely for settlement purposes. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). Of course, in the settlement context the district court need not consider "whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Id*. at 620, 117 S. Ct. 2213. However, the court's consideration of the other factors in Rule 23 is of "vital importance," and demands "undiluted, even heightened" attention in the settlement context. *Amchem Prods., Inc.*, 521 U.S. at 620, 117 S. Ct. 2231. The familiar Rule 23 requirements are numerosity, commonality, typicality, and adequacy of representation.

*Analysis*

I. **Class Action Settlement Approval**

In order to approve the settlement the Court must ensure that all pertinent Rule 23 requirements have been met. Generally, courts use the aforementioned *Reed* factors to ensure that the settlement is fair, adequate and reasonable. Furthermore, the Court must also direct notice in a reasonable manner to all class members who would be bound by the settlement.

    *a. The Reed Factors*

An analysis of the *Reed* factors establishes that this settlement is fair, reasonable, and adequate. First, there are no allegations involving fraud or collusion in the settlement of this action. A court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary. *Ayers*, 358 F.3d at 369; *Liger v. New Orleans Hornets NBA L.P.*, No. 05-1969, 2009 U.S. Dist. LEXIS 85733, at *10 (E.D. La. Aug. 27, 2009); 4 NEWBERG ON CLASS ACTIONS § 11.51 (4th ed.). Additionally, the Parties have vigorously prosecuted this action, and settled after two negotiation and mediation efforts. The Parties mediated the matter with the Honorable William Larry Latham, an experienced trial attorney and well-respected mediator. In addition, during the mediation, more than ten (10) representatives of the Class were present, and were involved in every aspect of the settlement negotiations.

Second, there is no question that this matter is complex. Counts I and II of Plaintiffs' Third Amended Complaint were dismissed in this matter, but the remaining claim involving usurpation of corporate opportunity involves a detailed and complex assessment of various business and individual ties, and two external companies to this litigation. According to class Counsel, Class representatives and Defendants have dedicated dozens of hours to this litigation. Furthermore, Class Counsel attests that it has collectively expended more than 1,500 hours in litigating this matter, and more than $30,000 in costs.

Third, this matter has progressed extensively, with each party participating in discovery. Furthermore, all of the parties agree that Class Counsel is more than able to determine the settlement's adequacy in relation to the probability of success on the merits were this litigation to continue, given the dismissal of Plaintiffs' first two counts, as well as discovery related to the remaining count. *See Ayers*, *supra.*, 358 F.3d at 369 (upholding settlement where "the parties and the district court possess ample information with which to evaluate the merits of the competing positions"). Thus, examination of the state of the proceedings weighs in favor of upholding the settlement.

The fourth *Reed* factor, the probability of success on the merits, is telling in this case. Should this case proceed to trial, Plaintiffs would have to establish a usurpation of corporate opportunity by Defendants, by and through their relationships with Xcavators, Inc. Establishing this claim would require an in depth analysis of financial entanglements between the parties. Considering the Court's dismissal of Plaintiffs' two other claims, Plaintiffs would run the risk of being unable to establish said usurpation, potentially resulting in zero award to the Plaintiffs. In light of this significant risk, the Court finds that the fourth factor weighs in favor of settlement.

Fifth, Plaintiffs' range of possible recovery is difficult to ascertain, even after discovery and extensive settlement conferences presided over by the magistrate judge. However, the parties agree that the settlement amount is fairly within the range of possible recovery. Had trial or further motions practice resulted in a loss for Plaintiffs, they would have recovered nothing.

Finally, the opinions of class counsel, class representatives and absent class members must be considered in the analysis of whether this proposed settlement is fair, reasonable and adequate. In the case at bar, all parties agree that the settlement is fair, adequate, and reasonable. The trial court is entitled to rely upon the judgment of experienced counsel for the parties. *Cotton*, 559 F.2d at

1330 (citing *Flinn v. FMC Corporation*, 528 F.2d 1169 (4th Cir. 1975). "Indeed, the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Id*.

The Court notes that Plaintiffs are represented by counsel experienced in complex class action litigation, complex litigation, and in class actions relating to ERISA specifically, as set forth in their declarations and attached as exhibits to their motion, and all agree that the resolution of this case in this manner is fair and reasonable. Additionally, all of the Named Plaintiffs representing the Class are in favor of approval of the Settlement. Considering the foregoing *Reed* factors, the Court approves this Class Action Settlement.

 b. *Sufficiency of Class Notice*

The class notice fully complied with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of the Litigation. The Court has approved the forms of notice to the Settlement Class. Furthermore, counselor William B. Raiford has affirmed to the Court that Notice intended to comply with the Class Action Fairness Act (CAFA), 28 U.S.C. Section 1711, et seq. was sent to the appropriate officials over ninety days before this order of approval. Therefore, the Court may finally approve the settlement in accordance with CAFA after briefly addressing the procedure used for notifying potential plaintiffs, as taken from the record.

 c. *Adequacy of Notice Procedure*

On May 26, 2017, the ERISA Administrators for the Hill ESOP, Paul Benefits Law Corporation ("Plan Administrators") gave Settlement Class counsel an account balance statement in PDF format with the names of the potential Settlement Class members and a separate Excel

format document with the addresses of the potential Settlement Class members. Settlement Class counsel ultimately created one (1) Excel format document with all of the names and addresses of the potential Settlement Class members, which totaled 750 people. Thereafter, the Excel format document with all of the names and addresses of the potential Settlement Class members, which totaled 750 people, was sent to TransAmerica.

Counselors attest that on June 8, 2017, TransAmerica printed and mailed the Notice to all 750 members of the Settlement Class. On that same day, Settlement Class counsel facilitated a website for members of the Settlement Class. The website contains all information required by the preliminary approval order, including a homepage with the legal rights and options of the members of the Settlement Class; a Court documents page; a notice page which contains a downloadable version of the Long Form Notice; a change of address page; and a "Contact Us" page.

According to the record, Settlement Class counsel swore that it also caused the Short Form Notice of Class Action Settlement to be published in the *Southern Sentinel*, a weekly newspaper in Ripley, Tippah County, Mississippi. This newspaper was the only newspaper in the County in which the Defendants' company was located, and where a large portion of the members of the Settlement Class reside/resided. Notice ran in the *Southern Sentinel* on June 7, 14, and 21, 2017. Settlement Class counsel also created a toll free number, 1-800-345-0837, available to putative members of the Settlement Class who could call concerning their questions.

The Court finds the Notice distribution and procedure to be adequate.

*d. Notice Success*

As of July 26, 2017, one hundred and fifty-eight (158) Notices (of the 750 originally mailed) were returned by the United States Postal Service ("USPS") as undeliverable. From June 13, 2017 through July 26, 2017, Settlement Class counsel searched LexisAdvance, found new addresses for

the returned mail, and re-sent Notices to one hundred and forty-two (142) members of the Settlement Class whose original Notices had been returned by the USPS. Settlement Class counsel was unable to re-send notices to sixteen (16) of the one hundred and fifty-eight (158) returned letters as a result of the following circumstances: five (5) members of the Settlement Class are deceased, and eleven (11) members of the Settlement Class have multiple names linked to their identified social security numbers. Settlement Class counsel received eighteen (18) letters that were returned twice by USPS as undeliverable. Settlement Class counsel was able to re-send the Notice a third time to eight (8) of these eighteen (18) members of the Settlement Class. The remaining ten (10) individuals had no additional contact information listed on LexisAdvance (*i.e.*, phone numbers, email addresses, etc.).

These forms of class notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. After completion of the notice period, Settlement Class Members filed no objections. Only one individual validly requested exclusion from the Settlement Class and is hereby excluded from the Settlement Class [274].

## II. *Class Certification*

The Court previously addressed the commonality, typicality and adequacy of class representation in its Order on Plaintiffs' Unopposed Preliminary Motion for Approval of Class Action Settlement and Preliminary Certification of Settlement Class [269]. *See* FED. R. CIV. P. 23(a). However, the Court now grants final certification of the class for settlement purposes, and reviews its decision for doing so as follows.

This case was originally filed by Plaintiffs on September 29, 2014 for Plan-wide relief pursuant to Section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a), on behalf of a class consisting of all current and former participants in the Hill Brothers Construction Company Inc. Employee Stock Ownership and 401(K) Plan (the "Plan"). The Court finds that certification of the Settlement Class solely for purposes of this Settlement is appropriate in that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class; (e) Matthew Y. Harris, Diandra Debrosse Zimmermann, Edgar C. Gentle, III, L.N. Chandler Rogers and Sterling DeRamus, (collectively referred to herein as "Class Counsel") are adequate Settlement Class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

Therefore, as the pertinent Rule 23 requirements have been met, the previously certified class set forth below is now finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All participants, beneficiaries, and alternate payees of the ESOP reflected on the records of the ESOP as of August 15, 2013.

Furthermore, Robert K. Hill, Donald Byther, Sandy Byther, Keith Clark, Samuel Copeland, B.T. Erve, Percy Evans, George Flakes, Scott Goolsby, Sheila Kelly, Paul Leonard, Fred Smith, Dewayne Toliver, Ulysses Wiley, and Warlfoyd Winters are designated as representatives of the Settlement Class (the "Class Representatives"). Matthew Y. Harris, Diandra Debrosse Zimmermann, Edgar C. Gentle, III, L.N. Chandler Rogers and Sterling DeRamus and their respective law firms are appointed as Settlement Class counsel.

### III. *Class Compensation*

In accordance with the terms of the Settlement Agreement, Defendants shall pay $850,000.00 for the Settlement Amount. This tender by the Defendants is inclusive of all claims, including payment of notice costs, attorneys' fees, costs and expenses, incentive awards, and all other items of liability. This is a full-distribution non-reversionary settlement to be paid into the Plan after the payment of notice costs, attorneys' fees, costs and expenses. No sums will revert to Defendants, and no Defendants will benefit from this settlement.

Members of the Settlement Class shall benefit immediately from the resolution of this matter, as the remaining portion of the Settlement Amount, after attorneys' fees, costs, expenses, and costs of notice shall be paid into the Plan. Upon payment into the Plan, the share of the Settlement Amount, after attorneys' fees, costs, and expenses, to which a member of the Class is entitled will be based upon the records and terms of the Plan as of August 15, 2013. Finally, the Settlement Amount shall be distributed in accordance with the parties' Agreement, this Order, and any further order of the Court.

Furthermore, in accordance with the Court's Order Granting Attorneys' Fees, Expenses and Incentive Payments, the Court grants Settlement Class counsel's request for an incentive award to the Class Representatives and awards $2,500.00 to each class representative, to include Robert K. Hill, Donald Byther, Sandy Byther, Keith Clark, Samuel Copeland, B.T. Erve, Percy Evans, George Flakes, Scott Goolsby, Sheila Kelly, Paul Leonard, Fred Smith, Dewayne Toliver, Ulysses Wiley, and Warlfoyd Winters. The Court finds that this payment is justified by the Class Representatives' service to the Settlement Class. This payment shall be made from the Settlement Amount thirty (30) days after the "Effective Date," as defined by the Settlement Agreement (within thirty-five (35) days of the date of final judgment). The Defendants are ordered to deduct this

award of incentives to the Class Representatives from the Settlement Amount and pay said sum to the law firm of Zarzaur Mujumdar & Debrosse – Trial Lawyers.

Defendants' counsel shall provide to Settlement Class counsel a final accounting detailing the distribution of the Settlement Amount by the Plan Administrators by **September 3rd, 2018**, and Settlement Counsel shall file a copy of the same with the Court by **September 10, 2018**. The Plan Administrators shall make all distributions to the Settlement Class Members pursuant to the terms of the Settlement Agreement and this Court's orders.

This action is hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41. However, with the consent of the Parties, the Court retains jurisdiction solely for the purpose of enforcing the terms of the Settlement and of this Final Judgment and Order.

*Conclusion*

Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this class is finally certified solely for purposes of this Settlement as the following:

> All participants, beneficiaries, and alternate payees of the ESOP reflected on the records of the ESOP as of August 15, 2013.

Furthermore, this Court grants final approval of the Settlement Agreement, including but not limited to, the Releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement. Thus, the Plaintiffs' Motion [275] is GRANTED.

SO ORDERED this the 3rd day of January, 2018.

    /s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE